| | |
|---|---|
| 1 | BETSY C. MANIFOLD (182450) |
| | manifold@whafh.com |
| 2 | RACHELE R. RICKERT (190634) |
| | rickert@whafh.com |
| 3 | MARISA C. LIVESAY (223247) |
| | livesay@whafh.com |
| 4 | BRITTANY N. DEJONG (258766) |
| | dejong@whafh.com |
| 5 | WOLF HALDENSTEIN ADLER |
| | FREEMAN & HERZ LLP |
| 6 | 750 B Street, Suite 2770 |
| | San Diego, CA 92101 |
| 7 | Telephone: 619/239-4599 |
| | Facsimile: 619/234-4599 |
| 8 | |
| 9 | [Proposed] Interim Lead Class Counsel for the End User Plaintiffs |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE ANN DAVIS MATTHEWS, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS, LLC, and STARKIST COMPANY,<br><br>        Defendants. | Case No.: 15-cv-1878-JLS-MDD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER APPOINTING WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS INTERIM LEAD CLASS COUNSEL FOR THE END USER INDIRECT PURCHASERS**<br><br>DATE:    October 29, 2015<br>TIME:    1:30 p.m.<br>JUDGE:  Hon. Janis L. Sammartino<br>COURT:  4A (4th Floor - Schwartz) |
| JAMES WALNUM, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC.,<br><br>        Defendants. | Case No.: 15-cv-1887-BAS-RBB |

No. 15cv1878

| | |
|---|---|
| EVELYN OLIVE, STERLING KING, PAUL BERGER, SALLY CRNKOVICH, JESSICA BREITBACH, MARK BLUMSTEIN, LOUISE ADAMS, BRIAN LEVY, JOHN TRENT, TINA GRANT, JENNIFER A. NELSON, and ELIZABETH TWITCHELL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC.,<br><br>Defendants. | Case No.: 15-cv-1909-BEN-WVG |
| COLIN MOORE, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, and STARKIST COMPANY,<br><br>Defendants. | Case No.: 15-cv-1911-JLS-MDD |
| JENNIFER A. NELSON, ELIZABETH DAVIS-BERG, JESSICA DECKER, LAURA CHILDS, NANCY STILLER, BONNIE VANDERLAAN, and KRISTIN MILLICAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC.,<br><br>Defendants. | Case No.: 15-cv-1979-JLS-MDD |

1

| | | |
|---|---|---|
| 1 | JINKYOUNG MOON, COREY NORRIS, CLARISSA SIMON, NIGEL WARREN, on behalf of themselves and all others similarly situated, | Case No.: 15-cv-2006-H-JMA |
| 2 | | |
| 3 | | |
| 4 | Plaintiffs, | |
| 5 | v. | |
| 6 | BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC., | |
| 7 | | |
| 8 | Defendants. | |
| 9 | | |
| 10 | STEPHEN M. COLBERG, MICHAEL JUETTEN, AND CARLA LOWN, on behalf of themselves and all others similarly situated, | Case No.: 15-cv-2011-L-MDD |
| 11 | | |
| 12 | Plaintiffs, | |
| 13 | v. | |
| 14 | BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC., | |
| 15 | | |
| 16 | Defendants. | |
| 17 | | |
| 18 | RICK MUSGRAVE, individually, and on behalf of all others similarly situated, | Case No.: 15-cv-2012-BAS-RBB |
| 19 | | |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC., | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | AMY JOSEPH, individually and on behalf of all others similarly situated, | Case No.: 15-cv-2017-BTM-NLS |
| 2 | | |
| 3 | Plaintiff, | |
| 4 | v. | |
| 5 | BUMBLE BEE FOODS, LLC, TRI-UNION SEAFOODS, LLC, STARKIST COMPANY, and KING OSCAR, INC., | |
| 6 | | |
| 7 | Defendants. | |
| 8 | | |
| 9 | | |
| 10 | TRUYEN "DAVID" TON-VUONG, as an individual and on behalf of all others similarly situated, | Case No.: 15-cv-2044-L-WVG |
| 11 | | |
| 12 | Plaintiff, | |
| 13 | v. | |
| 14 | BUMBLE BEE FOODS, LLC, KING OSCAR, INC.; STARKIST COMPANY; AND TRI-UNION SEAFOODS, LLC | |
| 15 | | |
| 16 | Defendants. | |
| 17 | | |

3

No. 15cv1878

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION AND STATEMENT OF FACTS**

Plaintiffs in the above-captioned actions have filed antitrust complaints, brought on behalf of classes of end users/consumers under the laws of more than nineteen states, including California, and the District of Columbia and for injunctive relief under federal law.  These plaintiffs indirectly purchased the defendants' shelf-stable packaged seafood products ("PSPs"), including tuna, crab, mackerel, oyster, salmon, sardines and shrimp.  They allege that defendants Bumble Bee Foods LLC, Starkist Company, Tri-Union Seafoods LLC, and King Oscar, Inc., (hereafter referred to collectively as "Defendants") conspired to raise, fix, stabilize or maintain prices as well as allocate customers and restrict capacity within the market for the sale of PSPs from and including at least January 1, 2000 through such time as the anticompetitive effects of Defendants' conduct ceases (the "Class Period").

There are presently 15 cases pending in this District.  These cases fall into three categories of distinct theories of recovery for very different types of claiming plaintiffs.  These cases arise from common acts of the Defendants.  There are four direct purchaser actions (the "Direct Purchaser Actions");[1] two indirect reseller purchaser actions (the "Indirect Reseller Purchaser Actions");[2] and 10 indirect

---

[1]  The four Direct Purchaser Actions are:
- *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC*, Case No. 3:15-cv-1714 JLS-MDD, filed August 3, 2015;
- *Pacific Groservice Inc. d/b/a/ PITCO Foods v. Bumble Bee Foods LLC*, Case No. 3:15-cv-1791 JLS-MDD, filed August 13, 2015;
- *Youngblood v. Bumble Bee Foods LLC*, Case No. 3:15-cv-1863 JM-BLM, filed August 21, 2015; and
- *Trepco Imports and Distribution LTD v. Bumble Bee Foods, LLC*, Case No. 3:15-cv-1987-AJB-KSC (S.D. Cal.), filed September 5, 2015.

[2]  The two Indirect Reseller Purchaser Actions are:
- *Capitol Hill Supermarket v. Bumble Bee Foods LLC*, Case No. 3:15-cv-1867-JLS-MDD, filed August 24, 2015 (the plaintiff is a sandwich shop); and
- *Dutch Village Restaurant v. Bumble Bee Foods LLC*, Case No. 3:15-cv-2020-LAB-BLM, filed September 11, 2015 (the plaintiff is a restaurant).

purchaser/end user actions (that is for household and personal consumption and not for resale) (the "End User Actions").[3]

The plaintiff in one of the Direct Purchaser Actions, *Olean Wholesale Grocery Cooperative, Inc.*, Case No. 3:15-cv-1714-JLS-MDD, commenced an MDL proceeding, No. 2670, and seeks transfer of all the actions to this District, whether direct or indirect. Plaintiffs in *Olive v. Bumble Bee Foods LLC*, Case No. 3:15-cv-1909-BEN—WVG ("*Olive*") and *Nelson v. Bumble Bee Foods LLC*, Case No. 3:15-cv-1979-JLS-MDD ("*Nelson*") ("Movants") agree. Further, Movants agree that all actions should be consolidated before the Honorable Janis L. Sammartino. Movants also agree that the End User Indirect Purchasers should be separately represented and their actions coordinated with the Direct Purchaser Actions and with the related but distinct Reseller Indirect Purchaser Actions.

Rule 23(g)(3) authorizes the Court to appoint interim class counsel to act on behalf of the putative class prior to class certification. Movants seek appointment of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as interim class counsel for the End User Actions. Movants believe this appointment to be important. The Court has appointed interim lead counsel for the Direct Purchaser Actions. Defendants' counsel have appeared in the proceedings. An appointment would provide the potential End User Actions with an efficient way to deal with their counterparts in the Direct Purchaser Actions and the Indirect Reseller Purchaser Actions.

**II.  ARGUMENT**
  **A.  The End User Actions Should Be Consolidated For Pretrial Purposes, and Coordinated with the Direct and Indirect Reseller Purchaser Actions**

Rule 42(a) of the Federal Rules of Civil Procedure provides that if "actions before the court involve a common question of law or fact, the court may: (1) join

---

[3]  These cases are listed in the caption of this memorandum.

for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Because each of the 10 End User Actions allege illegal anticompetitive conduct by Defendants and arise out of common facts, consolidation of the actions is proper under Rule 42(a). However, the End User Actions are different from the Direct Purchaser Actions and the Indirect Reseller Purchaser Actions.

The Direct Purchaser Actions alleged claims under federal law for purchasers directly from defendants. The End User Actions claims are for those who purchased the product for personal use. Their claims arise pursuant to various state laws. The Indirect Reseller Purchaser Actions are yet different from the End User Actions. Plaintiffs then purchase the product not from defendants, and then resell at something in a different form. The two indirect purchaser-type of claims are in potential conflict for various reasons. The End Users purchased brand-name PSPs in the packaged form in which the Defendants placed them into the stream of commerce, a well-defined and limited array of products easily recognizable to consumers. For this reason, the End User Actions are remarkably straightforward for an indirect purchaser class action, and it would be more appropriate to consolidate separately the End User Actions for pretrial purposes.

On August 31, 2015, the Honorable Janis L. Sammartino appointed Hausfeld LLP as Interim Lead Counsel for the Direct Purchaser Actions. *See* Case No. 3:15-cv-01714-JLS-MDD (S.D. Cal.), ECF No. 19. Although the Order Granting Unopposed Application of Hausfeld LLP for Appointment as Interim Lead Counsel does not specify that it applies only to the Direct Actions, plaintiff Olean Wholesale Grocery Cooperative, Inc. requested only that Hausfeld LLP be appointed "Interim Lead Counsel for the proposed class of ***direct purchasers*** of packaged seafood products." *See id.*, ECF No. 6 at 1 (emphasis added). With the End User Actions and Reseller Indirect Purchaser Actions before Judge Sammartino, it is timely to appoint interim lead counsel for those classes as well for efficient coordination of

the various cases.

### B. Wolf Haldenstein Will Fairly and Adequately Represent the Interests of the End User Classes as Interim Lead Class Counsel

Rule 23(g)(3) of the Federal Rules of Civil Procedure specifically authorizes the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." As the Committee Notes to the 2003 amendments to Rule 23(g) point out, designation of interim class counsel is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. It may also be important to make or respond to motions before certification . . . . Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made.

Rule 23(g)(4) provides that the duty of appointed class counsel is to "fairly and adequately represent the interests of the class." Rule 23(g)(1)(A) further states that the Court must consider the following factors in appointing class counsel:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

As discussed below, Wolf Haldenstein satisfies the requirements for appointment as Interim Lead Class Counsel and will represent the best interests of the End User classes.

### 1. Wolf Haldenstein Has Already Done Considerable Work in Identifying and Investigating End User Indirect Purchaser Claims

Rule 23(g) requires that in considering a motion for appointment as interim class counsel, the court should consider the work undertaken by that counsel in the case to date. *See*, *e.g.*, *Smith v. AON Corp.*, No. 1:04-cv-06875, slip op. at 2 (N.D. Ill. May 3, 2005) (appointing Wolf Haldenstein as Interim Class Counsel, concluding that the firm had "committed considerable time and resources into investigating [the] claims") (Rickert Decl., Ex. A); *Harrington v. City of Albuquerque*, 222 F.R.D. 505, 520 (D.N.M. 2004) (appointing class counsel who had "done significant work in [the] case"); *In re Apple & AT&TM Antitrust Litig.*, No. 07-cv-05152 JW, 2008 U.S. Dist. LEXIS 120061, at *9-10 (N.D. Cal. Apr. 15, 2008) (noting that Wolf Haldenstein "has also already engaged an antitrust economist and invested significant time researching and investigating the potential claims involved in this case" and appointing Wolf Haldenstein as interim lead counsel for the consolidated action).

The investigation done by Wolf Haldenstein in crafting end-user indirect purchaser claims for relief arising from the known facts of Defendants' conduct satisfies the first criteria under Rule 23(g) for selection as interim lead class counsel for plaintiffs in the End User Actions.

### 2. Wolf Haldenstein Has Experience and Expertise in Handling Class Actions, Complex Litigation and the Types of Claims Asserted Here

Courts applying Rule 23(g) have placed great emphasis on proposed class counsel's experience and knowledge of the applicable law. This Court, for example, appointed Wolf Haldenstein as interim lead counsel in an indirect purchaser case, *In re Keurig K-Cup Indirect Purchaser Antitrust Litigation*, Lead Case No. 3:14-cv-00678-DMS-KSC (S.D. Cal.) Dkt. No. 20..[4] *See also*, *e.g.*, *In re Luxottica Group,*

---

[4] At that time, a proceeding was pending before the MDL Panel. When the case was (continued…)

1 *S.p.A. Securities Litigation*, 2004 U.S. Dist. LEXIS 21130, * 13 (E.D.N.Y. Oct. 22, 2004) (selecting Wolf Haldenstein as lead class counsel based on the firm's "experience and expertise"); *In re Apple & AT&TM Antitrust Litigation*, 2008 U.S. Dist. LEXIS 120061, at *9 (Wolf Haldenstein "has substantial experience with antitrust law, including antitrust class actions."); *In re Cree, Inc. Securities Litigation*, 219 F.R.D. 369, 373 (M.D.N.C. 2003) (appointing class counsel in a securities case where firm had "extensive experience in representing institutional investors in securities actions throughout the country and . . . long been heavily engaged in securities and corporate litigation"); *In re Terazosin Hydrochloride Antitrust Litigation*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) ("The consideration that the Court finds to be the most persuasive, however, relates to [proposed class counsel's] experience in, and knowledge of, the applicable law in this field . . . [Proposed class counsel] has extensive experience in the antitrust and complex litigation fields.").

As more fully demonstrated by its firm resume (*see* Rickert Decl., Ex. B), Wolf Haldenstein is a nationally recognized class action firm with extensive experience and expertise in antitrust, financial and other complex class litigation. Founded not later than 1888, Wolf Haldenstein has offices in Chicago, New York City and San Diego. The firm's Class Action Litigation Group consists of 37 attorneys and six paraprofessional assistants. *Id.* at 3. Wolf Haldenstein's Antitrust Practice Group is headed by Fred Taylor Isquith, who has approximately 45 years of experience litigating complex class actions.

Wolf Haldenstein has served as lead or co-lead counsel in numerous antitrust and other complex class actions in federal courts throughout the country. The firm was appointed by this Court as Interim Lead Class Counsel in the Consolidated

---

(…continued)
transferred by the MDL Panel to the Southern District of New York, that court accepted this Court's prior order and made Wolf Haldenstein interim co-lead counsel.

Purchaser Action in *In re Keurig K-Cup Indirect Purchaser Antitrust Litigation*, Lead Case No. 3:14-cv-00678-DMS-KSC (S.D. Cal.), and served as co-lead class counsel in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 4:02-md-01486-PJH (N.D. Cal.), which resulted in $320 million in settlements for the class. In approving the settlements, Judge Hamilton praised lead counsel for doing "an exceptionally good job in coordinating management and litigating the case" and achieving "exceptional results." Rickert Decl., Ex. C at 20:10-12, 23. Judge Hamilton also commented: "I've got cases that are a fraction of the size of this case that I spend a lot more time on just because counsel aren't acting as cooperatively and professionally as you all have." *Id*. at 20:15-18. Wolf Haldenstein also served as co-lead counsel and liaison counsel in *In re Toys "R" Us Antitrust Litigation*, 191 F.R.D. 347, 351 (E.D.N.Y. 2000), in which Judge Gerson noted: "Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class."

The firm's qualifications to serve as class counsel have been recognized by the courts in other cases as well. In *In re Aon ERISA Litigation (Smith v. AON)*, No. 1:04-C-6875 (N.D. Ill. May 3, 2005), for example, the court appointed Wolf Haldenstein interim class counsel, noting, "Wolf meets [the Rule 23(g)] criteria . . . . Wolf is experienced in handling complex, large-scale class actions. Wolf's Class Action Litigation Group consists of thirty attorneys experienced in complex class action suits." Rickert Decl., Ex. A at 2. *See also In re Luxottica Group, S.p.A. Securities Litigation*, No. 01-CV-3285, 2004 U.S. Dist. LEXIS 21130, at *13 (E.D.N.Y. Oct. 22, 2004) ("The court has no reason to doubt the experience and expertise of Wolf Haldenstein"); *In re Comdisco Securities Litigation*, 150 F. Supp. 2d 943, 951 (N.D. Ill. 2001) (noting that Wolf Haldenstein's credentials "are impeccable").

Wolf Haldenstein currently serves as co-lead or interim co-lead class counsel in several pending antitrust class actions, including *In re: Keurig Green Mountain*

*Single-Serve Coffee Antitrust Litigation*, No.1:14-md-02542-VSB (S.D.N.Y.) (monopolization); *McDonough v. Toys "R" Us*, *Inc.*, No. 06-0242 (E.D. Pa.) (resale price maintenance); *Schoenbaum v. E.I. DuPont de Nemours & Co.*, No. 05-cv-01108 (E.D. Mo.) (monopolization and restraint of trade); *In re Apple & AT&TM Antitrust Litig.*, No. C-07-5152-JW (N.D. Cal.) (Section 2 aftermarket monopolization); *In re Apple iPhone Antitrust Litig.*, No. C-11-06714-YGR (N.D. Cal.) (Section 2 aftermarket monopolization); *Ward v. Apple Inc.*, No. 12-cv-5404-YGR (N.D. Cal.) (Section 2 aftermarket monopolization); and *The Shane Group, Inc. et al., v. Blue Cross Blue Shield of Michigan*, No. 2:10-cv-14360 (E.D. Mich.) (price-fixing through the use of most-favored-nations contract clauses). Wolf Haldenstein also currently serves on the Plaintiffs' Steering Committee and has acted as Interim Liaison Counsel in *In re Text Messaging Antitrust Litigation*, 1:08-CV-07082 MFK (N.D. Ill.) (horizontal price fixing), and *In re Pool Products Distribution Market Antitrust Litigation*, No. 2:12-md-02328-SSV (E.D. La) (monopolization and attempted monopolization).

Wolf Haldenstein attorneys have also been involved in the following significant antitrust class actions, among others: *In re Brand Name Prescription Drugs Antitrust Litigation*, No. 1:94-cv-00897-CPK (N.D. Ill.); *In re Packaged Ice Antitrust Litigation*, No. 2:08-md-01952-PDB (E.D. Mich.); *In re Chocolate Confectionary Antitrust Litigation*, No. 1:08-mdl-01935-CCC (M.D. Pa.); *In re Rail Freight Fuel Surcharge Antitrust Litigation*, No. 1:07-mc-00489-PLF (D.D.C.); *In re Cathode Ray Tube Antitrust Litigation*, No. 3:07-cv-5944-SC (N.D. Cal.); *In re Graphic Processing Units Antitrust Litigation*, No. 3:07-cv-01826-WHA (N.D. Cal.); *In re Air Cargo Shipping Antitrust Litigation*, No. 1:06-md-01775 CBA/VVP (E.D.N.Y); *In re International Air Transportation and Surcharge Antitrust Litigation*, No. 3:06-md-1793-CRB (N.D. Cal.); *In re Publication Paper Antitrust Litigation*, No. 3:04-md-1631-SRU (D. Conn.); *In re New Motors Vehicles Canadian Export Antitrust Litigation*, No. 2:03-md-01532-DBH (D. Me.); *In re*

1
2
3
*Carbon Black Antitrust Litigation*, No. 1:03-CV-10191 (D. Mass.); *In re Urethane Antitrust Litigation*, No. 2:04-md-01616-JWL (D. Kan.); and *In re Plastic Additives Antitrust Litigation*, No. 2:05-md-01684-LDD (E.D. Pa.).

4
5
6
7
8
9
10
11
12
Mr. Isquith, who leads the Firm's antitrust practice, has nearly 45 years of experience in complex class actions, including antitrust and financial litigation. He was co-lead counsel in, among numerous other cases, the *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 4:02-cv-01486-PJH (N.D. Cal.), as well as *In re Toys "R" Us Antitrust Litigation*, 1:97-cv-5750-NG (E.D.N.Y.), and in the leadership in *In re Relafen Antitrust Litigation*, No. 01-cv-12239-WGY (D. Mass.); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, No. 1:09-cv-03690 (N.D. Ill) and is the Firm's primary supervising attorney in all of the Firm's current antitrust cases.

13
14
15
Wolf Haldenstein has the requisite experience in complex antitrust class actions as well as a proven track record in cooperating with other counsel and is therefore well qualified to serve as Interim Lead Class Counsel.

16
17
### 3. Wolf Haldenstein Will Commit the Resources Necessary to Represent the Proposed Classes

18
19
20
21
22
As required by Rule 23(g), courts have also considered the resources that proposed class counsel will commit to the prosecution of the lawsuit. *LeBeau v. United States*, 222 F.R.D. 613, 619 (D.S.D. 2004) ("In considering the resources that counsel will commit to representing the class, the Court may consider the staff, supplies and professional commitments of that attorney") (citation omitted).

23
24
25
26
27
28
To date, Wolf Haldenstein has already expended resources in investigating and identifying the claims asserted in this action and will continue to do so. Wolf Haldenstein is a large and successful law firm with 37 attorneys (and six paralegals) in its Class Action Litigation Group. Rickert Decl., Ex. B at 3. Wolf Haldenstein has both the ability and the willingness to expend the financial and manpower resources necessary to prosecute this litigation on behalf of the proposed class. *See*

*In re Aon ERISA Litigation* (Rickert Decl., Ex. A at 2) ("Wolf is a large firm, with offices in New York, Chicago, [and] San Diego . . . Wolf thus has the resources necessary to adequately represent the putative class members in this case."). Indeed, should the cases remain before this Court the direct presence and activity of the Firm's San Diego office will be of considerable benefit to the cases and to the Court.

### 4. Wolf Haldenstein is Uniquely Qualified to Serve as Interim Lead Class Counsel in this Litigation

The parties to this litigation are located throughout the United States. Because this litigation is nationwide in scope, with potential witnesses and documents located throughout the United States, it makes sense to appoint as Interim Lead Class Counsel a firm that has a nationwide presence and reputation. Wolf Haldenstein has offices in New York, Chicago, and San Diego and has litigated class actions in numerous fora. Wolf Haldenstein is therefore highly qualified to serve as Interim Lead Class Counsel. In addition, because Wolf Haldenstein has a San Diego office, there would be no need to appoint a separate liaison counsel.

Moreover, Wolf Haldenstein represents indirect purchasers in 19 states and the District of Columbia, the laws of which permit indirect purchasers to recover for injury to competition. Wolf Haldenstein clearly satisfies the criteria for appointment as Interim Lead Class Counsel and will "fairly and adequately represent the interests of the class," as required under Rule 23(g).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order consolidating the End User Actions for pretrial purposes and appointing Wolf Haldenstein Adler Freeman & Herz LLP as Interim Lead Class Counsel.

DATED: September 15, 2015           **WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:     */s/ Rachele R. Rickert*
         RACHELE R. RICKERT

| | |
|---|---|
| 1 | BETSY C. MANIFOLD |
| 2 | RACHELE R. RICKERT |
|   | MARISA C. LIVESAY |
| 3 | BRITTANY N. DEJONG |
|   | 750 B Street, Suite 2770 |
| 4 | San Diego, CA 92101 |
|   | Telephone:   619/239-4599 |
|   | Facsimile:   619/234-4599 |

**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**
FRED TAYLOR ISQUITH
THOMAS BURT
270 Madison Avenue
New York, New York 10016
Telephone:  212/545-4600
Facsimile:   212/545-4653

**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**
THEODORE B. BELL
CARL MALMSTROM
One South Dearborn St., Suite 2122
Chicago, IL 60603
Telephone: 312/984-0000
Facsimile:   312/212-4401

[Proposed] Interim Lead Class Counsel for the End User Plaintiffs

TUNA:22135.v4

- 11 -

No. 15cv1878