BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

[Proposed] Interim Lead Class Counsel
for the End User Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISE ANN DAVIS MATTHEWS, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS, LLC, and STARKIST COMPANY, <br><br> Defendants. | Case No.: 15-cv-1878-JLS-MDD <br><br> **DECLARATION OF RACHELE R. RICKERT IN SUPPORT OF MOTION FOR AN ORDER APPOINTING WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP AS INTERIM LEAD CLASS COUNSEL FOR THE END USER INDIRECT PURCHASERS** <br><br> DATE:       October 29, 2015 <br> TIME:       1:30 p.m. <br> JUDGE:     Hon. Janis L. Sammartino <br> COURT:    4A (4th Floor - Schwartz) |
| JAMES WALNUM, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC., <br><br> Defendants. | Case No.: 15-cv-1887-BAS-RBB |

No. 15cv1878

| | |
|---|---|
| EVELYN OLIVE, STERLING KING, PAUL BERGER, SALLY CRNKOVICH, JESSICA BREITBACH, MARK BLUMSTEIN, LOUISE ADAMS, BRIAN LEVY, JOHN TRENT, TINA GRANT, JENNIFER A. NELSON, and ELIZABETH TWITCHELL, on behalf of themselves and all others similarly situated, | Case No.: 15-cv-1909-BEN-WVG |
| Plaintiffs, | |
| v. | |
| BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC., | |
| Defendants. | |
| COLIN MOORE, on behalf of himself and all others similarly situated, | Case No.: 15-cv-1911-JLS-MDD |
| Plaintiff, | |
| v. | |
| BUMBLE BEE FOODS LLC, TRI-UNION SEAFOODS LLC, and STARKIST COMPANY, | |
| Defendants. | |
| JENNIFER A. NELSON, ELIZABETH DAVIS-BERG, JESSICA DECKER, LAURA CHILDS, NANCY STILLER, BONNIE VANDERLAAN, and KRISTIN MILLICAN, on behalf of themselves and all others similarly situated, | Case No.: 15-cv-1979-JLS-MDD |
| Plaintiffs, | |
| v. | |
| BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC., | |
| Defendants. | |

No. 15cv1878

| | |
|---|---|
| JINKYOUNG MOON, COREY NORRIS, CLARISSA SIMON, NIGEL WARREN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC.,<br><br>Defendants. | Case No.: 15-cv-2006-H-JMA |
| STEPHEN M. COLBERG, MICHAEL JUETTEN, AND CARLA LOWN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC.,<br><br>Defendants. | Case No.: 15-cv-2011-L-MDD |
| RICK MUSGRAVE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BUMBLE BEE FOODS LLC, STARKIST COMPANY, TRI-UNION SEAFOODS LLC, and KING OSCAR, INC.,<br><br>Defendants. | Case No.: 15-cv-2012-BAS-RBB |

No. 15cv1878

| | |
|---|---|
| AMY JOSEPH, individually and on behalf of all others similarly situated, | ) Case No.: 15-cv-2017-BTM-NLS |
| Plaintiff, | ) |
| v. | ) |
| BUMBLE BEE FOODS, LLC, TRI-UNION SEAFOODS, LLC, STARKIST COMPANY, and KING OSCAR, INC., | ) |
| Defendants. | ) |

| | |
|---|---|
| TRUYEN "DAVID" TON-VUONG, as an individual and on behalf of all others similarly situated, | ) Case No.: 15-cv-2044-L-WVG |
| Plaintiff, | ) |
| v. | ) |
| BUMBLE BEE FOODS, LLC, KING OSCAR, INC.; STARKIST COMPANY; AND TRI-UNION SEAFOODS, LLC | ) |
| Defendants. | ) |

No. 15cv1878

I, Rachele R. Rickert, declare as follows:

1.     I am an attorney duly licensed to practice before all the courts of the State of California.  I am a member of the law firm Wolf Haldenstein Adler Freeman & Herz LLP, counsel for Evelyn Olive, Sterling King, Paul Berger, Sally Crnkovich, Jessica Breitbach, Mark Blumstein, Louise Adams, Brian Levy, John Trent, Tina Grant, Elizabeth Twitchell, Jennifer A. Nelson, Elizabeth Davis-Berg, Jessica Decker, Laura Childs, Nancy Stiller, Bonnie VanderLaan, and Kristin Millican ("Movants").  I submit this declaration in support of Movants' Motion for an Order Appointing Wolf Haldenstein Adler Freeman & Herz LLP as Interim Lead Class Counsel for the End User Indirect Purchasers.  I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2.     Attached hereto as **Exhibit A** is a true and correct copy of an Order entitled, "The Kahn ERISA Plaintiff Group's Motion for Consolidation [17-1] and Appointment of Interim Class Counsel [17-2] are granted," filed in *Smith vs. Aon*, No. 1:04-cv-06875 (N.D. Ill. May 3, 2005).

3.     Attached hereto as **Exhibit B** is a true and correct copy of the Firm Resume for Wolf Haldenstein Adler Freeman & Herz LLP.

4.     Attached hereto as **Exhibit C is** a true and correct copy of relevant portions of the August 15, 2007 hearing transcript in *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, No. 02-md-01486-PJH (N.D. Cal.).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 15th day of September, 2015 at San Diego, California.

_/s/ Rachele R. Rickert_
RACHELE R. RICKERT

TUNA: 22137

- 1 –

## <u>EXHIBITS TABLE OF CONTENTS</u>

EXHIBIT A……………………………………………………………………...3

EXHIBIT B……………………………………………………………………...6

EXHIBIT C……………………………………………………………………..57

# EXHIBIT A

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6875 | **DATE** | 5/3/2005 |
| **CASE TITLE** | | Smith vs. AON | |

**DOCKET ENTRY TEXT:**

The Kahn ERISA Plaintiff Group's Motions for Consolidation [17-1] and Appointment of Interim Class Counsel [17-2] are granted.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

Plaintiffs are participants in, and beneficiaries of, Defendant AON Corporation's 401(k) savings plan (the "Plan"). Plaintiffs allege that AON, and its corporate directors and officers, breached their fiduciary duties to Plaintiffs by mishandling the Plan's holdings of AON stock. As a result of Defendants' breach of their fiduciary duties, Plaintiffs allege, Plaintiffs have suffered significant financial losses. Plaintiffs have filed a number of actions against Defendants, alleging violations of the Employee Retirement Income Security Act ("ERISA"). Plaintiffs have filed these actions on their own behalf, and on behalf of other members of a proposed Class of Plaintiffs.

Plaintiffs Sheryl Kahn, James T. Kayfes, Jr., Alan Lubeck, James P. Fagan, Mary A. Brewton, and Gil McDonald (the "Kahn ERISA Plaintiff Group,") now move the court to consolidate twelve separate but related actions (and any subsequently-filed related ERISA cases filed in, removed to, or transferred to this court) pursuant to Federal Rule of Civil Procedure 42(a), and to appoint the law firm of Wolf Haldenstein Adler Freeman and Herz ("Wolf") as Interim Lead Class Counsel pursuant to Federal Rule of Civil Procedure 23(g). For the following reasons, these Motions are granted.

**A. Consolidation**

The purpose of consolidating actions together is to promote convenience and judicial economy. Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-97 (1973). Consolidation of cases is encouraged where common questions of fact or law are present. 9 Wright & Miller's FED. PRAC. AND PROC. CIV., 2d § 2383. Cases may be consolidated pursuant to Federal Rule of Civil Procedure 42. That Rule provides, in part, "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." FED. R. CIV. P. 42(a).

The court finds that consolidation is appropriate in this case. These cases clearly involve "common questions of law or fact": whether Defendant's conduct in relation to the Plan's holding of AON stock

EXHIBIT A
Page 4

## STATEMENT

breached Defendants' fiduciary duties to Plaintiffs, and violated any ERISA provisions. The interests of convenience and judicial economy will be served by consolidating these cases. See Johnson, 289 U.S. at 496-97. Cases numbered 04 C 6875, 04 C 6965, 04 C 7046, 04 C 7048, 04 C 7118, 04 C 7119, 04 C 7122, 04 C 7190, 04 C 7295, 04 C 7650, 04 C 7651, 04 C 7673, and all subsequently-filed related ERISA cases filed in, removed to, or transferred to this court, shall therefore be consolidated into Master Docket number 04 C 6875.[1] This case shall be captioned "In Re AON ERISA Litigation."

**B. Interim Lead Class Counsel**

Pursuant to Federal Rule of Civil Procedure 23(g)(2)(A), the court may "designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." In determining who should act as Class Counsel, the overriding precept is that the court must appoint class counsel who will "fairly and adequately represent the interests of the class." FED R.CIV. P. 23 (g)(1)(B). In making this determination, the court must consider the following factors: "the work counsel has done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, counsel's knowledge of the applicable law, and the resources counsel will commit to represent the class." Id. at (g)(1)(C)(i). In addition, the court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Id. at (g)(1)(C) (ii). In short, the court has a responsibility to "appoint class counsel who will provide the adequate representation [for class members] called for by paragraph (1)(B)." Id. at (g)(1)(C) advisory committee's note.

In this case, Wolf meets these criteria. Wolf has committed considerable time and resources into investigating these claims. Wolf is experienced in handling complex, large-scale class actions. Wolf's Class Action Litigation Group consists of thirty attorneys experienced in complex class action suits involving, *inter alia*, ERISA matters, and the conduct of corporate officers. While lead counsel, Wolf has settled numerous class actions, resulting in recoveries of up to $715 million for class members. In addition, Wolf is a large firm, with offices in New York, Chicago, San Diego, and West Palm Beach. Wolf thus has the resources necessary to adequately represent the putative class members in this case.

Moreover, Wolf, as a single firm, would be able to provide streamlined, efficient representation to the class. A competing group of Plaintiffs (the "Smith Group") proposes that a multi-layered conglomeration of six law firms act as Class Counsel in this matter. Such an arrangement would surely result in bureaucratic entanglements that would hamper the efficient representation of the class. In fact, bureaucratic wrangling amongst these firms seems already to have begun, as one of those six firms, Miller Faucher and Cafferty LLP has split from the Smith Group, and filed its own motion to be appointed Class Counsel. The court has a responsibility to avoid subjecting class members to inefficient representation. See FED R.CIV. P. 23 (g)(1)(B). Wolf presents itself as a single, experienced, competent firm with a local office, and the resources necessary to effectively represent the class members in this case. The court therefore appoints Wolf as Interim Lead Class Counsel in this matter.

---

1. The court notes that it has already determined that a number of these cases were "related," pursuant to Local Rule 40.4. See Minute Order of December 20, 2004.

# EXHIBIT B

# Wolf Haldenstein Adler Freeman & Herz llp

### Providing Exemplary Legal Service Since 1888

# Firm Resume

Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm specializing in complex litigation in federal and state courts nationwide. The firm practice groups include: securities litigation, commercial litigation, general litigation, ERISA, antitrust, wage & hour, REIT & partnerships, consumer fraud, false marketing, whistleblower, false claims, trusts & estates, white collar and FINRA arbitration. The Firm has a particular specialty in complex class action litigation – including shareholder, antitrust, ERISA, consumer, and biotechnology matters – under both federal and state law.

Wolf Haldenstein's total practice approach distinguishes it from other firms. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

270 MADISON AVENUE
NEW YORK, NY 10016
Telephone: 212-545-4600
Telecopier: 212-545-4653
www.whafh.com

SYMPHONY TOWERS
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
Telephone: 619-239-4599
Telecopier: 619-234-4599

ONE DEARBORN STREET
SUITE 2122
CHICAGO, IL 60603
Telephone: 312-984-0000
Telecopier: 312-212-4401

## The Firm

Wolf Haldenstein has been recognized by state and federal courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, FLSA and state overtime and expense deductions, and antitrust class actions and shareholder rights litigation.

Among its colleagues in the plaintiffs' bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, and the exceptionally high quality of its written and oral advocacy on behalf of class action clients.

The nature of the Firm's activities in both individual and representative litigation is extremely broad.  In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn and rice farmers in connection with the devaluation of their crops; contact lens purchasers for contact lens manufacturers' violations of the antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, in particular public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is particularly extensive.  The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

Its pioneering efforts in difficult or unusual areas of securities or investor protection laws include: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of adverse information regarding their fund's primary stockholdings; the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions; the early application of the fraud-on-the-market theory to claims against public accounting firms in connection with their audits of publicly traded corporations; and

the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.

## Judicial Commendations

Wolf Haldenstein has repeatedly received favorable judicial recognition. The following representative judicial comments over the past decade indicate the high regard in which the Firm is held:

- *In re Empire State Realty Trust, Inc. Investor Litig.*, No. 650607/2012 (Sup. Ct. N.Y. Co.) – On May 2, 2013, Justice O. Peter Sherwood praised the Firm in its role as chair of the committee of co-lead counsel as follows: "It is apparent to me, having presided over this case, that class counsel has performed in an excellent manner, and you have represented your clients quite well. You should be complimented for that." In awarding attorneys' fees, the Court stated that the fee was "intended to reward class counsel handsomely for the very good result achieved for the Class, assumption of the high risk of Plaintiffs prevailing and the efficiency of effort that resulted in the settlement of the case at an early stage without protracted motion practice." May 17, 2013 slip. op. at 5 (citations omitted).

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) – On April 9, 2013, Justice Richard B. Lowe III praised the Firm's efforts as follows: "[W]hen you have challenging cases, the one thing you like to ask for is that the legal representation on both sides rise to that level. Because when you have lawyers who are professionals, who are confident, who are experienced, each of you know that each side has a job to do [. . . .] I want to tell you that I am very satisfied with your performance and with your, quite frankly, tenacity on both sides. And it took six years, but look at the history of the litigation. There were two appeals all of the way to the Court of Appeals [. . . .] And then look at the results. I mean, there are dissents in the Court of Appeals, so that shows you the complexity of the issues that were presented in this litigation [. . . .] [I]t shows you effort that went into this and the professionalism that was exhibited [. . . .] So let me just again express my appreciation to both sides."

- *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.) – where the Firm was Lead Counsel, Judge Rosen, at the June 7, 2010 final approval hearing, praised the Firm for doing "an outstanding job of representing [its] clients," and further commented that "the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

- *Klein, et al. v. Ryan Beck Holdings, Inc., et al.*, 06-cv-3460 (DAB) (S.D.N.Y.) – where the Firm was Lead Counsel, Judge Deborah A. Batts described the Firm's successful establishment of a settlement fund as follows: "[a] miracle that there is a settlement fund at all." Judge Batts continued*:* "As I said earlier, there is no question that the litigation is complex and of a large and, if you will, *pioneering magnitude ...*" (Emphasis added).

- *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.) – where the Firm was co-lead counsel, Judge Laughrey said (on October 16, 2008), "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work that we had in our chambers as a result of this case."

- *In re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.) – where the Firm was co-lead counsel, Judge Hamilton said (on August 15, 2007), "I think I can conclude on the basis with my five years with you all, watching this litigation progress and seeing it wind to a conclusion, that the results are exceptional. The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action. I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides."

- *In re Comdisco Sec. Litigation*, 01 C 2110 (N.D. Ill. July 14, 2005) – Judge Milton Shadur observed: "It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize. . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation."

- *In re MicroStrategy Securities Litigation*, 150 F. Supp. 2d 896, 903 (E.D. Va. 2001) – where the Firm was co-lead counsel, Judge Ellis commented: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

## Recent Noteworthy Results

Wolf Haldenstein's performance in representative litigation has repeatedly resulted in favorable results for its clients. The Firm has helped recover almost _**seven billion dollars**_ on behalf of its clients in the cases listed below. Recent examples include the following:

- *In re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.) - Wolf Haldenstein represented U.S. rice farmers in this landmark action against Bayer A.G. and its global affiliates, achieving a global recovery of $750 million. The case arose from the contamination of the nation's long grain rice crop by Bayer's experimental and unapproved genetically modified Liberty Link rice.

- *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) - a class action brought on behalf of over 27,500 current and former tenants of New York City's iconic Stuyvesant Town and Peter Cooper Village housing complexes. On April 9, 2013, Justice Richard B. Lowe III of the New York Supreme Court finally approved settlement of the action, which totals over $173 million, sets aside $68.75 million in damages, re-regulates the apartments at issue, and sets preferential rents for the units that will save tenants significant monies in the future. The settlement also enables the tenants to retain an estimated $105 million in rent savings they enjoyed between 2009 and 2012. **The settlement is by many magnitudes the largest tenant settlement in United States history.**

- *In re Empire State Realty Trust, Inc. Investor Litig.*, Index No. 650607/2012 – The firm served as Chair of the Executive Committee of Co-Lead Counsel for the Plaintiffs in a class action settlement finally approved on May 2, 2013 that provides for the establishment of a $55 million settlement fund for investors, in addition to substantial tax deferral benefits estimated to be in excess of $100 million.

- *American International Group Consolidated Derivative Litigation*, Civil Action No. 769-VCS (Del. Ch.) The Firm acted as co-lead counsel and the settlement addressed claims alleging that the D&O Defendants breached their fiduciary duties to the Company and otherwise committed wrongdoing to the detriment of AIG in connection with various allegedly fraudulent schemes during the 1999-2005 time period.

- *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, Master File No. 09 MD 2058 (S.D.N.Y.) (firm was co-lead counsel in parallel derivative action pending in Delaware (*In Re Bank of America Stockholder Derivative Litigation*, C.A. No. 4307-CS (Del. Ch.)) (increase of settlement cash recovery from $20 million to $62.5 million).

- *The Investment Committee of the Manhattan and Bronx Service Transit Operating Authority Pension Plan v. JPMorgan Chase Bank*, N.A., 1:09-cv-04408-SAS (S.D.N.Y.) (class recovered $150 million).

- *In re Tremont Sec. Law, State Law and Insurance Litig.*, No. 08-civ-11117 (TPG) (SDNY) (class recovered $100 million). The firm was court-appointed co-lead counsel in the Insurance Action, 08 Civ. 557, and represented a class of persons who purchased or otherwise acquired Variable Universal Life ("VUL") insurance policies or Deferred Variable Annuity ("DVA") policies issued by Tremont International Insurance Limited or Argus International Life Bermuda Limited from May 10, 1994 - December 11, 2008 to the extent the investment accounts of those policies were exposed to the massive Ponzi scheme orchestrated by Bernard L. Madoff through one or more Rye funds.

- *In re Initial Public Offering Securities Litigation*, 21 MC 92 (SAS) (S.D.N.Y.) (class recovered $586 million). Wolf Haldenstein served as Co-Lead Counsel of one of the largest securities fraud cases in history. Despite the United States Court of Appeals for the Second Circuit's decision to vacate the district court's class certification decision, on remand, counsel for plaintiffs were able to press on to a settlement on April 1, 2009, ultimately recovering in excess of a half-billion dollars.

# FIRM PRACTICE AREAS

## CLASS ACTION LITIGATION

Wolf Haldenstein is a leader in the class and derivative action litigation field and is currently or has been the court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action and derivative action lawsuits in the United States. For example, the class action *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009) was recently described by a sitting member of the U.S. House of Representatives as the greatest legal victory for tenants in her lifetime. In *Roberts*, the Firm obtained a victory in the New York Court of Appeals requiring the reregulation of thousands of apartment units in the Stuyvesant Town complex in Manhattan, New York. Many of the firm's other successful results are summarized within.

## PRIVATE ACTIONS FOR INSTITUTIONAL INVESTORS

In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships, and qualified institutional buyers in private actions. The Firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management.

The Firm has also acted as special counsel to investors' committees in efforts to assert and advance the investors' interests without resorting to litigation. For example, the Firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

## ANTITRUST LITIGATION

Wolf Haldenstein is a leader in the field of antitrust and competition litigation. The Firm actively seeks to enforce the federal and state antitrust laws to protect and strengthen the rights and claims of businesses, organizations, Taft-Hartley funds, and consumers throughout the United States. To that end, Wolf Haldenstein commences large, often complex, antitrust and trade regulation class actions and other cases that target some of the most powerful and well-funded corporate interests in the world. Many of these interests exert strong influence over enforcement policy that is in the hands of elected officials, so that private enforcement provides the only true assurance

that unfair and anticompetitive conduct will be duly scrutinized for compliance with the law. These cases frequently bring to light concealed, unlawful behavior such as price fixing, monopolization, market allocation, monopoly leveraging, essential facilities, tying arrangements, vertical restraints, exclusive dealing, and refusals to deal. Wolf Haldenstein's Antitrust Practice Group has successfully prosecuted numerous antitrust cases and aggressively advocates remedies and restitution for businesses and investors wronged by violations of the antitrust laws. For example, in *In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) the firm successfully prosecuted an antitrust case resulting in a $315 million recovery. Many of the firm's successful results are summarized within.

Wolf Haldenstein attorneys currently serve as lead counsel, co-lead counsel, or as executive committee members in some of the largest and most significant antitrust class action lawsuits.

## Biotechnology and Agricultural Litigation

Wolf Haldenstein is a leader in biotechnology and agricultural litigation. The firm has represented U.S. row crop farmers and others harmed by crop supply contamination, price fixing of genetically-modified crop seeds, and false claims and representations relating to purportedly "organic" products. The firm has prosecuted actions in these fields against domestic and international biotechnology and crop science companies under the federal and state antitrust laws, consumer protection and deceptive trade practice statues, and the common law. As a leader in this field, Wolf Haldenstein pioneered approaches now commonly used in these types of cases, including the use of futures-based efficient market analyses to fashion damages models relating to the underlying commodity crops. The firm has served or is currently serving as lead or co-lead counsel in some of the most significant biotechnology and agricultural class actions pending or litigated in the United States. For example, in *In re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.) the firm prosecuted a multidistrict product liability litigation brought on behalf of United States long-grain rice farmers that ultimately settled in July 2011 for $750 million. Many of the firm's other successful results are summarized within.

## Overtime and Compensation Class Actions

Wolf Haldenstein is a leader in the field of class action litigation on behalf of employees who have not been paid overtime or other compensation they are entitled to receive, or have had improper deductions taken from their compensation. These claims for violations of the federal Fair Labor Standards Act and state labor laws allege improper

failure to pay overtime and other wages, and improper deductions from compensation for various company expenses. Wolf Haldenstein has served as lead or co-lead counsel, or other similar lead role, in some of the most significant overtime class actions pending in the United States, and has recovered hundreds of millions of dollars in recovered wages for its clients. For example, in *LaVoice v. Citigroup Global Markets, Inc.*, Case No. C 07-801 (CW) (N.D. Cal.)) the firm secured a $108 million settlement. Many of the firm's other successful results in this field are summarized within.

## Other Substantial Recoveries In Class Action And Derivative Cases in Which Wolf Haldenstein Was Lead Counsel or Had Another Significant Role

- *In re Beacon Associates Litigation*, Master File No. 09 Civ. 0777 (LBS) (S.D.N.Y.) (**$219 million** settlement in this and related action).

- *Roberts v. Tishman Speyer*, No. 100956/2007 (Sup. Ct. N.Y. Cty.) (**$173 Million** settlement).

- *In re Mutual Fund Investment Litigation,* MDL No. 1586 (D. Md.) (derivative counsel in consolidated cases against numerous mutual fund companies involved in market timing resulting in class/derivative settlements totaling more than **$300 million**).

- *Inland Western Securities Litigation,* Case No. 07 C 6174 (N.D. Ill.) (settlement value of shares valued between **$61.5 million** and **$90 million**).

- *In re Direxion Shares ETF Trust*, No. 09-Civ-8011 (KBF) (S.D.N.Y.) (class recovered **$8 million**).

- *In re BankAmerica Corp. Securities Litigation,* MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered **$490 million**).

- *In re Dynamic Random Access Memory Antitrust Litigation,* (MD-02 1486 (N.D. Cal.) (class recovered **$325 million**).

- *In re MicroStrategy, Inc. Securities Litigation,* Civ. No. 00-473-A (E.D. Va.) (class recovered **$160 million** in cash and securities).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered **$116.5 million** in cash).

- *In re Starlink Corn Products Liability Litigation,* (N.D. Ill.) (class recovered **$110 million**).

- *In Computer Associates 2002 Class Action Sec. Litigation,* 2:02-CV-1226 (E.D.N.Y.) (**$130 million** settlement in this and two related actions).

- *In re Sepracor Inc. Securities Litigation, Civ. No.* 02-12338 (MEL) (D. Mass.) (classes recovered **$52.5 million**).

- *In re Transkaryotic Therapies, Inc., Securities Litigation,* C.A. No. 03-10165-RWZ (D. Mass) (class recovered **$50 million**).

- *In re Iridium Securities Litigation,* C.A. No. 99-1002 (D.D.C.) (class recovered **$43 million**).

- *In re J.P. Morgan Chase Securities Litigation,* MDL No. 1783 (N.D. Ill.) (settlement providing for adoption of corporate governance principles relating to potential corporate transactions requiring shareholder approval).

- *LaVoice v. Citigroup Global Markets, Inc.,* Case No. C 07-801 (CW) (N.D. Cal.)) (**$108 million** settlement).

- *Steinberg v. Morgan Stanley & Co., Inc.,* Case No. 06-cv-2628 (BEN) (S.D. Cal.) (**$50 million** settlement).

- *Poole v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* Case No. CV-06-1657 (D. Or.) (**$43.5 million** settlement).

- *In re Wachovia Securities, LLC Wage and Hour Litigation,* MDL No. 07-1807 DOC (C.D. Cal.) (**$39 million** settlement).

- *In re Wachovia Securities, LLC Wage and Hour Litigation (Prudential),* MDL No. 07-1807 DOC (C.D. Cal.) (**$11 million** settlement).

- *Basile v. A.G. Edwards, Inc.,* 08-CV-00338-JAH-RBB (S.D. Cal.) (**$12 million** settlement).

- *Miguel Garcia, et al. v. Lowe's Home Center, Inc. et al.* – Case No. GIC 841120 (Barton) (Cal. Sup. Ct, San Diego) (co-lead, **$1.65 million** settlement w/ average class member recovery of $5,500, attorney fees and cost awarded separately).

- *Neil Weinstein, et al. v. MetLife, Inc., et al.* – Case No. 3:06-cv-04444-SI (N.D.Cal) (co-lead, **$7.4 million** settlement).

- *Creighton v. Oppenheimer*, Index No. 1:06 - cv - 04607 - BSJ - DCF (S.D.N.Y.) (**$2.3 million** settlement).

- *Klein v. Ryan Beck*, 06-CV-3460 (DAB)(S.D.N.Y.) (**$1.3 million** settlement).

- *In re American Pharmaceutical Partners, Inc. Shareholder Litigation,* Consolidated C.A. No. 1823-N (Del. Ch. Ct.) (**$14.3 million** settlement).

- *Egleston v. Collins and Aikman Corp.,* 06-cv-13555 (E.D. Mich.) (class recovered **$12 million**).

- *In re Merrill Lynch & Co., Inc. Global Technology Fund Securities Litigation,* 02 CV 7854 (JFK) (SDNY); and *In re Merrill Lynch & Co., Inc. Focus Twenty Fund Securities Litigation*, 02 CV 10221 (JFK) (SDNY) (class recovered **$39 million** in combined cases).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* No. 6:04-cv-1231 (Orl-31) (class recovered **$35 million**, and lawsuit also instrumental in **$225 million** benefit to corporation).

- *In re Cablevision Systems Corp. Shareholder Derivative Litigation*, Master File No. 06-CV-4130-DGT-AKT (**$34.4 million** recovery).

- *In re Monster Worldwide, Inc. Stock Option Derivative Litigation*, Master File No. 06cv4622 (S.D.N.Y.) (**$32 million** recovery and corporate governance reforms).

- *Berger v. Compaq Computer Corp.,* Docket No. 98-1148 (S.D. Tex.) (class recovered **$29 million**).

- *In re Arakis Energy Corporation Securities Litigation,* 95 CV 3431 (E.D.N.Y.) (class recovered **$24 million**).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation*, Civ. No. 01-258 (D. Minn.) (class recovered **$20 million**).

- *In re Globalstar Securities Litigation*, Case No. 01-CV-1748 (SHS) (S.D.N.Y.) (class recovered **$20 million**).

- *In re Luxottica Group S.p.A. Securities Litigation,* No. CV 01-3285 (E.D.N.Y) (class recovered **$18.25 million**).

- *In re Musicmaker.com Securities Litigation,* CV-00-2018 (C.D. Cal.) (class recovered **$13.75 million**).

- *In re Comdisco Securities Litigation,* No. 01 C 2110 (MIS) (N.D. Ill.) (class recovered **$13.75 million**).

- *In re Acclaim Entertainment, Inc., Securities Litigation,* C.A. No. 03-CV-1270 (E.D.N.Y.) (class recovered **$13.65 million**).

- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2097 (MA) (W.D. Tenn) (class recovered **$13.25 million**).

- *In re Bausch & Lomb, Inc. Securities Litigation,* 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered **$12.5 million**).

- *In re Allaire Corp. Securities Litigation,* 00-11972 (D. Mass.) (class recovered **$12 million**).

- *Bamboo Partners LLC v. Robert Mondavi Corp.,* No. 26-27170 (Cal. Sup. Ct.) (class recovered **$10.8 million**).

- *Curative Health Services Securities Litigation,* 99-2074 (E.D.N.Y.) (class recovered **$10.5 million**).

- *City Partnership Co. v. Jones Intercable,* 99 WM-1051 (D. Colo.) (class recovered **$10.5 million**).

- *In re Aquila, Inc.,* (ERISA Litigation), 04-865 (W.D. Mo.) (**$10.5 million** recovery for the class).

- *In re Tenfold Corporation Securities Litigation,* 2:00-CV-652 (D. Utah) (class recovered **$5.9 million**).

- *In re Industrial Gas Antitrust Litigation*, 80 C 3479 and related cases (N.D. Ill.) (class recovered **$50 million**).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation*, 86-5428 and related cases (E.D. Pa.) (class recovered **$55 million**).

- *In re Infant Formula Antitrust Litigation,* MDL No. 878 (N.D. Fla.) (class recovered **$126 million**).

- *In re Brand Name Prescription Drugs Antitrust Litigation,* No. 1:94-cv-00897, M.D.L. 997 (N.D. Ill.) (class recovered **$715 million**).

- *Landon v. Freel,* M.D.L. No. 592 (S.D. Tex.) (class recovered **$12 million**).

- *Holloway v. Peat, Marwick, Mitchell & Co.,* No. 84 C 814 EU (N.D. Okla.) (class recovered **$38 million**).

- *In re The Chubb Corp.* Drought Insurance Litigation, C-1-88-644 (S.D. Ohio) (class recovered **$100 million**).

- *Wong v. Megafoods,* Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered **$12.25 million**).

- *In re Del Val Financial Corp. Securities Litigation,* 92 Civ 4854 (S.D.N.Y.) (class recovered **$11.5 million**).

- *In re Home Shopping Network Shareholders Litigation,* Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered **$13 million**).

- *In re Paine Webber Limited Partnerships Litigation,* 94 Civ 8547 (S.D.N.Y.) (class recovered **$200 million**).

- *In re Bristol-Meyers Squibb Co. Securities Litigation,* 92 Civ 4007 (S.D.N.Y.) (class recovered **$19 million**).

- *In re Spectrum Information Technologies Securities Litigation,* CV 93-2245 (E.D.N.Y.) (class recovered **$13 million**).

- *In re Chase Manhattan Securities Litigation,* 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered **$17.5 million**).

- *Prostic v. Xerox Corp.,* No. B-90-113 (EBB) (D. Conn.) (class recovered **$9 million**).

- *Steiner v. Hercules,* Civil Action No. 90-442-RRM (D. Del.) (class recovered **$18 million**).

- *In re Ambase Securities Litigation,* 90 Civ 2011 (S.D.N.Y.) (class recovered **$14.6 million**).

- *In re Southmark Securities Litigation,* CA No. 3-89-1402-D (N.D. Tex.) (class recovered **$70 million**).

- *Steiner v. Ideal Basic Industries, Inc.*, No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered **$18 million**).

- *Tucson Electric Power Derivative Litigation*, 2:89 Civ. 01274 TUC. ACM (corporation recovered **$30 million**).

- *Alleco Stockholders Litigation*, (Md. Cir. Ct. Pr. Georges County) (class recovered **$16 million**).

- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered **$30 million**).

- *In re Taft Broadcasting Company Shareholders Litigation*, No. 8897 (Del. Ch.) (class recovered **$20 million**).

- *In re Southland Corp. Securities Litigation*, No. 87-8834-K (N.D.Tex.) (class recovered **$20 million**).

- *In re Crocker Bank Securities Litigation*, CA No. 7405 (Del. Ch.) (class recovered **$30 million**).

- *In re Warner Communications Securities Litigation*, No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered **$17.5 million**).

- *Joseph v. Shell Oil*, CA No. 7450 (Del. Ch.) (securities fraud) (class recovered **$200 million**).

- *In re Flight Transportation Corp. Securities Litigation*, Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (class recovered **$50 million**).

- *In re Whittaker Corporation Securities Litigation*, CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered **$18 million**).

- *Naevus International, Inc. v. AT&T Corp.*, C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered **$40 million**).

- *Sewell v. Sprint PCS Limited Partnership*, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered **$45.2 million**).

- *In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, 2:08-cv-285 (D.N.J.) (class recovered **$41.5 million**).

- *Egleston v. Verizon*, No. 104784/2011 (N.Y. Sup. Ct.) – Wolf Haldenstein represented a class of New York Verizon Centrex customers in an action against Verizon stemming from overbilling of certain charges. The Firm secured a settlement with a total value to the Class of over **$5 million**, which provided, among other things, each class member with full refunds of certain disputed charges, plus interest.

- *Zelouf Int'l Corp. v. Nahal Zelouf*, Index No. 653652/2014 (Sup. Ct. N.Y. Co. 2015). In an important decision following an appraisal proceeding triggered by the freeze-out merger of a closely-held corporation, which also included shareholder derivative claims, Justice Kornreich of the New York Supreme Court refused to apply a discount for lack of marketability to the minority shareholder's interest in the former corporation and found that the insiders stole more than $14 million dollars from the company.

# Representative Reported Opinions Since 1990 in Which Wolf Haldenstein Was Lead Counsel or Had Another Significant Role

## Federal Appellate and District Court Opinions

- *DeFrees v. Kirkland*, 2012 U.S. Dist. LEXIS 52780 (C.D. Cal. Apr. 11, 2012).

- *In re Beacon Associates Litigation.*, 745 F. Supp. 2d 386 (S.D.N.Y. 2010); *In re Beacon Associates Litig.*, 282 F.R.D. 315 (S.D.N.Y. 2012)

- *Messner v. Northshore University HealthSystem*, 669 F.3d 802, No. 10-2514 (7th Cir. Jan. 13, 2012).

- *In re Text Message Antitrust Litigation*, 630 F.3d, 622 (7th Cir. 2010).

- *In re Apple & ATTM Antitrust Litig.*, 2010 U.S. Dist. LEXIS 98270 (N.D. Cal. July 8, 2010).

- *Freeland v. Iridium World Communications Ltd.*, 545 F.Supp.2d 59 (D.D.C. 2008).

- *In re Apple & AT&TM Antitrust Litig.*, 596 F. Supp. 2d 1288 (N.D. Cal. 2008).

- *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007).

- *In re JP Morgan Chase & Co. Securities Litigation,* No. 06 C 4674, 2007 U.S. Dist. LEXIS 93877 (N.D. Ill. Dec. 18, 2007).

- *Schoenbaum v. E.I. Dupont De Nemours and Co.*, 2007 WL 2768383 (E.D. Mo. Sept. 20, 2007).

- *Jeffries v. Pension Trust Fund,* 99 Civ. 4174 (LMM), 2007 U.S. Dist. LEXIS 61454 (S.D.N.Y. Aug. 20, 2007).

- *Klein v. Ryan Beck,* 06-Civ. 3460 (WCC), 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13, 2007).

- *Cannon v. MBNA Corp.* No. 05-429 GMS, 2007 U.S. Dist. LEXIS 48901 (D. Del. 2007).

- *In re Aquila ERISA Litig.*, 237 F.R.D. 202 (W.D. Mo. 2006).

- *Smith v.* Aon Corp., 238 F.R.D. 609 (N.D. Ill. 2006).

- *In re Sepracor Inc. Securities Litigation,* 233 F.R.D. 52 (D. Mass. 2005).

- *In re Transkaryotic Therapies, Inc. Securities Litigation,* No. 03-10165, 2005 U.S. Dist. LEXIS 29656 (D. Mass. Nov. 28, 2005).

- *In re Luxottica Group, S.p.A. Securities Litigation,* 2005 U.S. Dist. LEXIS 9071 (E.D.N.Y. May 12, 2005).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* 2005 U.S. Dist. LEXIS 38876, No. 6:04-cv-1231-Orl-31KRS (M.D. Fla. May 9, 2005).

- *Johnson v. Aegon USA, Inc.,* 1:01-CV-2617 (N.D. Ga. Sept. 20, 2004).

- *Freeland v. Iridium World Communications, Ltd.,* 99-1002 (D.D.C. Aug. 31, 2004).

- *In re Acclaim Entertainment, Inc. Securities Litigation,* 03-CV-1270 (E.D.N.Y. June 22, 2004).

- *In re Sepracor Inc. Securities Litigation,* 308 F. Supp. 2d 20 (D. Mass. 2004).

- *In re Concord EFS, Inc. Securities Litigation,* No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- *In re Pharmatrak, Inc. Privacy Litig.,* 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig.,* 02-Civ. 10288 (SWK) (S.D.N.Y. Nov. 5, 2003).

- *In re PerkinElmer, Inc. Securities Litigation,* 286 F. Supp. 2d 46 (D. Mass. 2003).

- *In re Initial Public Offering Securities Litigation,* 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- *In re Comdisco Securities Litigation,* No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- *Berger v. Compaq Computer Corp.,* 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- *City Partnership Co. v. Cable TV Fund 14-B,* 213 F.R.D. 576 (D. Colo. 2002).

- *In re Allaire Corporation Securities Litigation,* Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- *In re StarLink Corn Products Liability Litigation,* 212 F.Supp.2d 828 (N.D. Ill. 2002).

- *In re Bankamerica Corp. Securities Litigation,* 263 F.3d 795 (8th Cir. 2001).

- *In re Comdisco Securities Litigation,* 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation,* Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill,* No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- *In re MicroStrategy, Inc. Securities Litigation,* 148 F. Supp. 2d 654 (E.D. Va. 2001).

- *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry,* 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- *Carney v. Cambridge Technology Partners, Inc.,* 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee,* 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.,* 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- *Goldberger v. Bear, Stearns & Co.,* 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation,* Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- *Stanley v. Safeskin Corp.,* Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- *In re MicroStrategy, Inc. Securities Litigation,* 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation,* 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation,* 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.,* Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.,* Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- *In re BankAmerica Corp. Securities Litigation,* 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- *In re Carnegie International Corp. Securities Litigation,* 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.,* Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation,* CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D. Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.,* 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

- *In re Health Management Systems Securities Litigation,* 82 F. Supp. 2d 227 (S.D.N.Y. 2000).

- *Dumont v. Charles Schwab & Co., Inc.,* Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- *In re MicroStrategy, Inc. Securities Litigation,* 110 F. Supp. 2d 427 (E.D. Va. 2000).

- *In re BankAmerica Corp. Securities Litigation,* 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- *Kurzweil v. Philip Morris Cos.,* 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- *In re Nanophase Technologies Corp. Litigation,* 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation,* File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.,* 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation,* No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D. Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.,* 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.,* 186 F.R.D. 331 (M.D.N.C. 1999).

- *Wright v. Ernst & Young LLP,* 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.,* 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas,* 134 F.3d 873 (7th Cir. 1998).

- *Walsingham v. Biocontrol Technology, Inc.,* 66 F. Supp. 2d 669 (W.D. Pa. 1998).

- *Sturm v. Marriott Marquis Corp.,* 26 F. Supp. 2d 1358 (N.D. Ga. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- *In re MobileMedia Securities Litigation,* 28 F.Supp.2d 901 (D.N.J. 1998).

- *Weikel v. Tower Semiconductor, Ltd.,* 183 F.R.D. 377 (D.N.J. 1998).

- *In re Health Management Systems Securities Litigation,* 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- *In re Painewebber Ltd. Partnership Litigation,* 999 F. Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.,* 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- *Brown v. Radica Games (In re Radica Games Securities Litigation),* No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties,* 116 F.3d 1441 (11th Cir. 1997).

- *In re TCW/DW North American Government Income Trust Securities Litigation*, 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP*, 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 964 F. Supp. 147 (S.D.N.Y. 1997).

- *Kurzweil v. Philip Morris Companies,* 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.,* Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).

- *Kalodner v. Michaels Stores, Inc.,* 172 F.R.D. 200 (N.D.Tex. 1997).

- *In re Painewebber Ltd. Partnerships Litigation,* 171 F.R.D. 104 (S.D.N.Y. 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).

- *In re Painewebber Inc. Limited Partnerships Litigation,* 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.,* 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.,* 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.,* 82 F.3d 1194 (1st Cir. 1996).

- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.,* 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).

- *Simon v. American Power Conversion Corp.,* 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.,* 96 Civ. 4412 (SAS), 1996 U.S. Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- *In re TCW/DW North American Government Income Trust Securities Litigation,* 941 F. Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc., Securities Litigation,* Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- *In re Painewebber Limited Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Riley v. Simmons,* 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison,* 20 F.3d 398 (11th Cir. 1994).

- *Zitin v. Turley,* [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).

- *In re Southeast Hotel Properties Limited Partnership Investor Litigation,* 151 F.R.D. 597 (W.D.N.C. 1993).

- *County of Suffolk v. Long Island Lighting Co.,* 907 F.2d 1295 (2d Cir. 1990).

## Notable State Court Opinions

- *McWilliams v. City of Long Beach,* 56 Cal. 4th 613 (2013).

- *Roberts v. Tishman Speyer,* 89 A.D.3d 444 (N.Y. App. Div. 1st Dep't 2011).

- *Roberts v. Tishman Speyer,* 13 N.Y.3d 270 (N.Y. 2009).

- *Ardon v. City of Los Angeles,* 52 Cal.4th 241 (2011).

- *In re Tyson Foods, Inc., Consolidated Shareholder Litigation,* 919 A. 2d 563 (Del. Ch. 2007).

- *Naevus Int'l v. AT&T Corp.,* 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

- *Paramount Communications, Inc. v. QVC Network, Inc.,* 637 A.2d 34 (Del. Super. Ct. 1994).

- *In re Western National Corp. Shareholders Litigation,* Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation,* Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).

- *In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company,* 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), *aff'd,* 351 N.C. 349, 524 S.E.2d 804 (N.C. 2000).

- *Wallace v. Wood,* 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson,* C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette,* Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

- *In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- *In re Cheyenne Software Shareholders Litigation,* Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- *Seinfeld v. Robinson,* 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander,* 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).

# ATTORNEY BIOGRAPHIES

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.

## PARTNERS

**DANIEL W. KRASNER**:  *admitted:*  New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan.  *Education:* Yale Law School (LL.B., 1965); Yeshiva College (B.A., 1962).  Mr. Krasner, a partner in the Firm's New York office, is the senior partner of Wolf Haldenstein's Class Action Litigation Group.  He began practicing law with Abraham L. Pomerantz, generally credited as the "Dean of the Class Action Bar."  He founded the Class Litigation Group at Wolf Haldenstein in 1976.

Mr. Krasner received judicial praise for his class action acumen as early as 1978.  *See, e.g., Shapiro v. Consolidated Edison Co.*, [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 96,364 at 93,252 (S.D.N.Y. 1978) ("in the Court's opinion the reputation, skill and expertise of . . .  [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained"); *Steiner v. BOC Financial Corp.*, [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner").  The New York Law Journal referred to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields.  In connection with a failed 1989 management buyout of United Airlines, Mr. Krasner testified before Congress.

More recently, Mr. Krasner has been one of the lead attorneys for plaintiffs in some of the leading Federal multidistrict cases in the United States, including the IPO Litigation in the Southern District of New York, the Mutual Fund Market Timing Litigation in the District of Maryland, and several Madoff-related litigations pending in the Southern District of New York.  Mr. Krasner has also been lead attorney in several precedent-setting shareholder actions in Delaware Chancery Court and the New York Court of Appeals, including *American International Group, Inc. v. Greenberg*, 965 A.2d 763 (Del. Ch. 2009) and the companion certified appeal, *Kirschner v. KPMG LLP*, Nos. 151, 152, 2010 N.Y. LEXIS 2959 (N.Y. Oct. 21, 2010); *Teachers' Retirement System of Louisiana and City of New Orleans Employees' Retirement System, derivatively on behalf of nominal defendant American International Group, Inc., v. PricewaterhouseCoopers LLP*, No. 152 (New York,

October 21, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 119 (Del. Ch., May 25, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 139, (Del. Ch. July 5, 2010), appeal refused, 2010 Del. LEXIS 324, 2010 WL 2690402 (Del. 2010).

Mr. Krasner has lectured at the Practicing Law Institute; Rutgers Graduate School of Business; Federal Bar Council; Association of the Bar of the City of New York; Rockland County, New York State, and American Bar Associations; Federal Bar Council, and before numerous other bar, industry, and investor groups.

**FRED TAYLOR ISQUITH**: *admitted*: New York; Supreme Court of the United States; U.S. Courts of Appeals for the First, Second, Third, Fourth and Eighth Circuits; U.S. District Courts for the Southern, Eastern and Northern Districts of New York; District of Columbia; District of Arizona; District of Colorado; Northern and Central District of Illinois; Western District of Michigan and District of Nebraska. *Education*: Columbia University Law School (J.D. 1971), City University of New York (Brooklyn) (B.A., 1968).

Mr. Isquith is a senior partner in the litigation department. He has been lead counsel in numerous class actions in the fields of securities law and antitrust law (as well as others) in his more than forty years of experience. Courts have commented about Mr. Isquith as follows:

· *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.) – where the Firm was co-lead counsel, Judge Laughrey said (on October 16, 2008), "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work that we had in our chambers as a result of this case."

· *In re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.) – where the Firm was co-lead counsel, Judge Hamilton said (on August 15, 2007), "I think I can conclude on the basis with my five years with you all, watching this litigation progress and seeing it wind to a conclusion, that the results are exceptional. The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action. I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides."

· *In re MicroStrategy Securities Litigation*, 150 F. Supp. 2d 896, 903 (E.D. Va. 2001) – where the Firm was co-lead counsel, Judge Ellis commented: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

· *In re Public Service Co. of New Hampshire Derivative Litigation*, 84-220-D (D.N.H. 1986) – involving the construction of the Seabrook Nuclear Power Plant, where the Firm was lead counsel, the court said of plaintiffs' counsel that "the skill required and employed was of the highest caliber."

· *In re Warner Communications Securities Litigation*, 618 F. Supp. 735, 749 (S.D.N.Y 1985) – where the Firm served as co-lead counsel, the court noted the defendants' concession that "'plaintiffs' counsel constitute the cream of the plaintiffs' bar.' The Court cannot find fault with that characterization."

· *Steiner v. Equimark Corp.*, No. 81-1988 (W.D. Pa. 1983) – a case involving complex issues concerning banking practices in which the Firm was lead counsel, then District Judge Mannsman described, in part, the work the Firm performed: "We look at the complexity of the issue, the novelty of it, the quality of work that, as the trial judge, I am able to perceive, and then, finally, the amount of recovery obtained: I think I have certainly said a lot in that regard. I think it's been an extraordinary case. I think it's an extraordinary settlement. Certainly defense counsel and plaintiffs' counsel as well are all experienced counsel with tremendous amount of experience in these particular kinds of cases. And under those circumstances. . . I think it was, really, the strategy and ingenuity of counsel in dividing up the workload and strategizing the cases as to who was to do what and what ultimately should be done to bring about the settlement that was achieved."

A frequent author, lecturer, and participant in bar committees and other activities, Mr. Isquith has devoted his career to complex financial litigation and business matters.

Mr. Isquith currently writes a weekly column of class action for *The Class Act*, a publication of the National Association of Shareholders and Consumer Attorneys and appears monthly as a columnist for *Law 360*.  Among his articles and writings are: *Further Thinking On Halliburton* (December, 2013); *State Mandated Student Pro Bono Programs Are Inefficient* (November, 2013); *Let's Really Consider The Idea Of A 2 Year Law Degree* (October, 2013); *Spotlight on Spoliation* (September, 2013); *More Restrictions for ERISA Fiduciaries* (August, 2013); *Questionable Constitutionality: Supreme Court's Amex Ruling* (co-authored with Alexander Schmidt of Wolf Haldenstein) (July, 2013); *How Facebook Informs Exclusive Jurisdiction Provisions* (May, 2013); *Sui Generis At Supreme Court* (May, 2013); *Another Look at Amgen* (April, 2013); *How Not To Plead A Multistate*

*Class Action* (March, 2013); *Supreme Court Spotlight: Sex, Race And ... Commerce* (January, 2013); *Rule 23 'Preliminary' Requirement As Seen By 7th Circ.* (December, 2012); *Exhaustion - Patent And Copyright And The Supreme Court* (November, 2012); *Case Study: In Re AIG Securities Litigation* (October, 2012); *Case Study: Rosado V. China North East Petroleum* (September, 2012); *A Dissection Of Rule 23* (August, 2012); *A 2nd Look At Class Action Requirements* (July, 2012); *The Continued Robustness Of Rule 23(b)(2)* (June, 2012); *The Simmonds Case (§16 Ruling) In The Litigation Context* (May, 2012); *A Look At Litigated And Settled Class Certification* (April, 2012); *Concepcion Commands a Case-by-Case Analysis* (March, 2012); *Dec. 20, 2011 - 3 Big Decisions* (February, 2012); *Case Study: Damasco v. Clearwire* (January, 2012).

Further he is a lecturer called upon by the Academy and Bar. For example, *Class Actions with Caution*, (Touro School, 2011); The Federal Pleading Standards after Twombly; Touro Law School (2010). Panelist with the Antitrust Committee of the New York City Bar Association Regarding Private Equity Transactions and the Implications of the Supreme Court's Recent Decisions (2008); Developments in Class Actions; (NYSBA, 2007); IPO Tie In/Claims Seminar, Professional Liability Underwriter Society; Securities Arbitration New York State Bar Association; Real Estate Exit Strategies, American Conference Institute; Fundamental Strategies in Securities Litigation (NYSBA, CLE Program). He has been active in the Bar Association's activities: President's Committee on Access to Justice (2010); Committee on Evidence (2007 - ); Committees on Legislation and Federal Courts, 1984-1988), Committee on Securities, The Association of the Bar of the City of New York (Committee on Federal Courts; Committee on Antitrust); New York County Lawyers' Association (Former Chair: Business Tort/Consumer Fraud-Tort Law Section); Brooklyn (Member: Committee on Civil Practice Law and Rules, 1983-1987; New York State (Member: Committee on Legislation, Trial Lawyers Section, 1981- ); the District of Columbia Bar; and Legislation and Civil Practice Law and Rules Committee of the Brooklyn Bar Association; Vice President if the Institute for Law and Economic Policy. Mr. Isquith has been Chairman of the Business Tort/Consumer Fraud Committee of the Tort Law Section of the New York State Bar Association and is a member of that Association's Committees on Securities Law and Legislation. He also serves as a judge for the Moot Court Competition of Columbia University Law School. Mr. Isquith served as President of the National Association of Securities and Commercial Law Attorneys in 2003 and 2004.

Mr. Isquith is frequently quoted in the Wall Street Journal, the New York Times, and other national publications.

The April 1987 issue of Venture magazine listed Mr. Isquith as among the nation's top securities class action attorneys. Since 2006 Mr. Isquith has been elected as among the

top 5% of attorneys in the New York City metropolitan area chosen to be included in the Super Lawyers Magazine. Martindale Hubbell registers Mr. Isquith as one of the Preeminent Lawyers (2010), Avenue Magazine, Legal Elite (2010).

**JEFFREY G. SMITH**: *admitted:* New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern, Central and Northern Districts of California and the Districts of Colorado and Nebraska. *Education*: Woodrow Wilson School of Public and International Affairs, Princeton University (M.P.A., 1977); Yale Law School (J.D., 1978); Vassar College (A.B., *cum laude generali*, 1974). At Yale Law School, Mr. Smith was a teaching assistant for the Trial Practice course and a student supervisor in the Legal Services Organization, a clinical program. Member: The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member: Litigation Section); American Association for Justice. Mr. Smith has frequently lectured on corporate governance issues to professional groups of Fund trustees and investment advisors as well as to graduate and undergraduate business student groups, and has regularly served as a moot court judge for the A.B.A. and at New York University Law School. Mr. Smith has substantial experience in complex civil litigation, including class and derivative actions, tender offer, merger, and takeover litigation. Mr. Smith is rated "AV" by Martindale Hubble and, since its inception in 2006, has been selected as among the top 5% of attorneys in the New York City metropolitan area chosen to be included in the Super Lawyers Magazine.

**FRANCIS M. GREGOREK**: *admitted:* California; New York; United States Courts of Appeals for the Second and Ninth Circuits; United States District Courts for the Southern and Eastern Districts of New York and the Southern, Central, and Northern Districts of California. *Education:* University of Virginia (B.A., *magna cum laude*, 1975). Phi Beta Kappa, Phi Alpha Theta International Historical Honor Society; University College, Durham University, England; New York University School of Law (J.D., 1978). Mr. Gregorek is the Managing Partner of the Firm's San Diego office. Throughout his 32 year career, Mr. Gregorek's practice has focused on complex commercial litigation and class action practice on both the trial and appellate court levels, in federal and state courts nationwide, in the areas of securities, antitrust, consumer protection, and technology. Mr. Gregorek has also represented foreign governments involved in complex commercial litigation in United States federal courts. As part of that representation, Mr. Gregorek has worked in conjunction with the heads of ministerial departments, ambassadors, and consular officials of those countries charged by their governments with overseeing the litigations, as well as the attorney general of a

government he was representing. Throughout these litigations, Mr. Gregorek met with such government officials to advise and plan strategy in addition to keeping them fully up-to-date on the progress of the litigation.

Mr. Gregorek has served as lead counsel, co-lead counsel, or in other leadership positions in numerous class and other complex litigations throughout the United States. For example, *In re Dole Shareholder Litigation*, Case No. BC281949 (recovered $172 million for shareholders) (Super. Ct. Los Angeles County, 2003). At the time of the case's settlement, the $172 million recovered for the class was one of the top 10 recoveries ever achieved on behalf of a class. Judge Anthony J. Mohr, who presided over the action, stated at the final settlement hearing: "Co-Lead Counsel did excellent first class work." *Id*.

As an additional example, Mr. Gregorek and the Firm served as co-lead counsel in *Bamboo Partners LLC v. The Robert Mondavi Corp., et al.*, Case No. 26-27170 (Super. Ct. Napa County, 2004), a class action arising from an unsolicited $1.3 billion offer (cash and debt assumption) from Constellation Brands, Inc. for The Robert Mondavi Corp.

**CHARLES J. HECHT**: *admitted* New York, United States Supreme Court, United States Court of Appeals for the Second Circuit; United States Court of Appeals for the Fifth Circuit; United States Court of Appeals for the Seventh Circuit; United States Court of Appeals for the Sixth Circuit; United States Court of Appeals for the Third Circuit; United States Court of Appeals for the Ninth Circuit; United States Court of Appeals for the Eleventh Circuit; United States District Court for the Southern District of New York; United States District Court for the Eastern District of New York; United States District Court for the; Eastern District of Wisconsin and the United States Court of Appeals for the Seventh Circuit. *Education:* Mr. Hecht is a graduate of Cornell University and Cornell University Law. Charles J. Hecht is a partner of the firm, with over 40 years' experience in securities and commodities transactions, litigation, and arbitration. He has more than 50 published decisions on cases in which he was the sole or lead counsel, in areas ranging from securities and commodities fraud to constitutional and contract disputes.

Mr. Hecht has provided expert testimony before the Internal Revenue Service with respect to the impact of proposed tax regulations on preferred stock hedged with commodity futures and options. He has authored articles on mergers and acquisitions, earn outs, commodities, hedging, derivatives, and arbitration jurisdiction and damages. Since 2005 he has been the legal columnist for smartpros.com, an online newsletter for financial professionals.

He has been active in the New York State Bar Association's continuing legal education program, regularly speaking about class actions and serving as the Chairman of the program on securities arbitration in 1995. In 1996, Mr. Hecht was a principal coauthor of the New York Federal Practice Section's Report on Securities Class Fees. He is also an arbitrator for the American Arbitration Association and COMEX.

Before entering private practice, Mr. Hecht was with the Division of Corporate Finance (Washington, D.C. main office) of the Securities and Exchange Commission. He is actively involved with businesses in China and is a member of the United States-China Chamber of Commerce.

Notable Cases include, *CMIA Partners Equity Ltd. v. O'Neill*, 2010 NY Slip Op 52068(U) (Sup. Ct. N.Y. Co., 2010), *Hecht v. Andover Assocs. Mgmt. Corp.*, 27 Misc 3d 1202(A) (Sup. Ct. Nassau Co., 2010), and *Sacher v. Beacon Assoc. Mgmt. Corp.*, 27 Misc 3d 1221(A) (Sup. Ct. Nassau Co., 2010). The *CMIA* case is the first time that a New York state court examined shareholder derivative suits under Cayman Islands law.

**PETER C. HARRAR**:   *admitted*; **New York**; United States Court of Appeals for the Fourth Circuit and the United States District Courts for the Southern and Eastern Districts of New York.   *Education*: Columbia Law School (J.D. 1984); Princeton University, Phi Beta Kappa, *magna cum laude*.   Mr. Harrar is a partner in the firm and has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

He has represented investment funds, hedge funds, insurance companies and other institutional investors in a variety of individual actions, class actions and disputes involving mortgage-backed securities and derivative instruments. Examples include *In re EMAC Securities Litigation*, a fraud case concerning private placements of securitized loan pools, and *Steed Finance LDC v. LASER Advisors, Inc.*, a hybrid individual and class action concerning the mispricing of swaptions.

Over the years, Mr. Harrar has also served as lead or co-lead counsel in numerous securities class and derivative actions throughout the country, recovering hundreds of millions of dollars on behalf of aggrieved investors and corporations. Recent examples are some of the largest recoveries achieved in resolution of derivative actions, including *American International Group Consolidated Derivative Litigation*) ($90 million), and *Bank of America/Merrill Derivative Litigation* ($62.5 million).

**LAWRENCE P. KOLKER**:   *admitted*:  New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Western District of Michigan and the District of Colorado. *Education*:  State

University of New York at Binghamton (B.A., 1978); Brooklyn Law School (J.D., 1983). Editor, *Brooklyn Law Review*, 1982-1983. Panelist, Early Neutral Evaluator for the Eastern District of New York, 1992-1997. Lecturer, Brooklyn Law School, 1989. Assistant Corporation Counsel, City of New York, 1983-1987. Member: The Association of the Bar of the City of New York; New York State Bar Association.

Mr. Kolker has often represented investors in direct investments, such as REITs and limited partnerships, including Inland Western REIT, Wells REIT, CNL Hotels & Resorts, Inc., General Electric (Polaris Aircraft limited partnerships), Jones Intercable, Nooney and Sierra Pacific (American Spectrum roll-up), Real Estate Associates (NAPICO roll-up), and Marriott Hotel Properties II. He was appointed Counsel to the Courtyard by Marriott Limited Partners Committee in its dealings with Host Marriott Corporation, and Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.

He has tried several securities actions to verdict. His notable judicial decisions include *Stepak v. Addison*, 20 F.3d 398 (11th Cir. 1994); *In re Comdisco Securities Litigation*, 2003 U.S. Dist. LEXIS 5097 (N.D. Ill. March 3, 2003); *City Partnership Co. v. Cable TV Fund 14-B*, 213 F.R.D. 576 (D. Colo. 2002); *Sturm v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356 (N.D. Ga. 2000); *In re Southeast Hotel Properties Limited Partnership Investor Litigation*, 151 F.R.D. 597 (W.D.N.C. 1993); *Prostic v. Xerox Corp.*, [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,1967 (D. Conn. July 19, 1991); *In re Cencom Cable Income Partners, L.P. Litigation*, Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000); and *Wallace v. Wood*, 752 A.2d 1175 (Del. Ch. 1999). Mr. Kolker is a frequent speaker at conferences of the American Conference Institute, the Investment Program Association and the Strategic Research Institute, and has published articles in Standard & Poor's *Review of Securities and Commodities Regulation* entitled "Litigation Strategies for Limited Partnership Tender Offers" (February 1996) and "Limited Partnership Five Percent Tender Offers" (October 1997). Mr. Kolker has acted as lead counsel in numerous class and derivative actions asserting the rights of investors since joining Wolf Haldenstein in 1989. He also counsels investment management firms in transactional and securities matters and represents them in corporate and business litigation.

**MARK C. RIFKIN:** *admitted:* New York; Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education:* Princeton University (A.B., 1982); Villanova University School of Law (J.D. 1985). Contributor, PACKEL & POULIN, *Pennsylvania Evidence* (1987).

An experienced securities class action and shareholder rights litigator, Mr. Rifkin has recovered hundreds of millions of dollars for victims of corporate fraud and abuse in federal and state litigation across the country. Since 1990, Mr. Rifkin has served as lead counsel, co-lead counsel, or trial counsel in many class and derivative actions in securities, intellectual property, ERISA, antitrust, insurance, consumer and mass tort litigation throughout the country. Mr. Rifkin has extensive trial experience.

Over the past thirty years, Mr. Rifkin has tried many complex commercial actions in federal and state courts across the country in class and derivative actions, including *In re National Media Corp. Derivative Litig.*, C.A. 90-7574 (E.D. Pa.), *Upp v. Mellon Bank, N.A.*, C.A. No. 91-5229 (E.D. Pa.), where the verdict awarded more than $60 million in damages to the Class (later reversed on appeal, 997 F.2d 1039 (3d Cir. 1993)), and *In re AST Research Securities Litigation*, No. 94-1370 SVW (C.D. Cal.), as well as a number of commercial matters for individual clients, including *Zelouf Int'l Corp. v. Zelouf,* Index No. 653652/2013 (N.Y. Sup. Ct. 2015), in which he obtained a $10 million judgment for for his client. Mr. Rifkin also has extensive appellate experience. Over thirty years, Mr. Rifkin has argued dozens of appeals on behalf of appellants and appellees in several federal appellate courts, and in the highest appellate courts in New York, Pennsylvania, New Jersey, and Delaware.

Mr. Rifkin has earned the AV®-Preeminent rating by *Martindale-Hubbell*® for more than 20 years, and has been selected for inclusion in the New York Metro *Super Lawyers*® listing since 2010. In 2014, Mr. Rifkin was named a "Titan of the Plaintiff's Bar" by Law360®.

Mr. Rifkin lectures frequently to business and professional organizations on a variety of securities, shareholder, intellectual property, and corporate governance matters. Mr. Rifkin is a guest lecturer to graduate and undergraduate economics and finance students on corporate governance and financial disclosure topics. He also serves as a moot court judge for the A.B.A. and New York University Law School. Mr. Rifkin appears frequently in print and broadcast media on law-related topics in corporate, securities, intellectual property, antitrust, regulatory, and enforcement matters.

**MICHAEL JAFFE**: *admitted*: California; New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Berkeley (B.S., with highest distinction, 1982); Hastings College of the Law, University of

California (J.D., 1987). Judicial Extern to the Honorable Thelton E. Henderson, Northern District of California, 1986-1987. Member: The Association of the Bar of the City of New York. Languages: French.

**BETSY C. MANIFOLD**: *admitted*: Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

Ms. Manifold served as co-lead counsel in the following cases to recovery on behalf of employees: *Miguel Garcia, et al. v. Lowe's Home Center, Inc. et al.* – Case No. GIC 841120 (Barton) (Cal. Sup. Ct, San Diego) ($1.65 million settlement w/ average class member recovery of $5,500, attorney fees and cost awarded separately) and *Neil Weinstein, et al. v. MetLife, Inc., et al.* – Case No. 3:06-cv-04444-SI (N.D. Cal) ($7.4 million settlement). Ms. Manifold also served as co-lead counsel in the following derivative actions: *In re Atmel Corporation Derivative Litigation*, Master File No. CV 06-4592-JF (N.D. Cal.) ($9.65 million payment to Atmel) and *In re Silicon Storage Technology Inc. Derivative Litig.*, Case No. C 06-04310 JF (N.D. Cal.) (cash payment and re-pricing of options with a total value of $5.45 million). Ms. Manifold also worked as lead counsel on the following class action: *Lewis v. American Spectrum Realty,* Case No. 01 CC 00394, Cal. Sup. Ct (Orange County) ($6.5 million settlement).

**ALEXANDER H. SCHMIDT:** *admitted:* New York; New Jersey; United States Supreme Court, United States Court of Appeals for the Second Circuit, and the United States Court of Federal Claims. *Education:* State University of New York, Stony Brook (B.A., 1981); Brooklyn Law School (J.D., 1985). Mr. Schmidt concentrates on sophisticated commercial litigation, including matters involving antitrust, class actions, real estate, banking, commercial factoring, securities fraud, civil RICO, intra-corporate and partnership disputes, and legal and accounting malpractice. Most recently, he acted as lead counsel in the landmark *Roberts v. Tishman Speyer*, 13 N.Y.3d 270 (N.Y. 2009), described by a sitting member of the U.S. House of Representatives as the greatest legal victory for tenants in her lifetime. In *Roberts*, Mr. Schmidt obtained a victory in the New York Court of Appeals requiring the reregulation of thousands of apartment units in the Stuyvesant Town complex in Manhattan, New York. Mr. Schmidt was also the sole plaintiffs' counsel in *Dresses For Less, Inc. v. CIT Group/Commercial Services, Inc.* (S.D.N.Y.), in which the court sustained Sherman Act claims he brought on behalf of victims of group boycotts by the commercial factoring industry. The case resulted in a

very satisfying, confidential settlement for his clients and ended the garment center factors' 80-year old practice of conducting illegal twice-weekly meetings to discuss and make joint credit decisions concerning their common customers. Among other noteworthy matters, Mr. Schmidt also conceived and helped sustain a precedent setting Kodak aftermarket monopolization claim in an antitrust and computer fraud and abuse act class action brought by purchasers of Apple's highly popular iPhone, who are challenging Apple's undisclosed, five-year exclusive service contract with AT&T Mobility. *In re Apple & ATTM Antitrust Litigation* (N.D. Ca.). In *Atkins & O'Brien L.L.P. v. ISS Int'l Serv. Sys.* (N.Y. App. Div.), Mr. Schmidt resurrected an archaic estoppel exception to the general rule that a client can fire its lawyer at any time, enabling his law firm clients to recover several years of future fees under a general retainer contract. Recently, without filing a lawsuit, Mr. Schmidt successfully represented the tenants association of a multi-building, 1400 apartment complex in renegotiating a ten-year old settlement agreement. The amended agreement reduced rents and plugged a loophole that had enabled rent-protected units to be converted to fully deregulated market apartments.  Mr. Schmidt is admitted to practice in New York and New Jersey and before the United States Supreme Court, United States Court of Appeals for the Second and Ninth Circuits, and the United States Court of Federal Claims.  Mr. Schmidt was an Assistant Adjunct Professor of Law at Brooklyn Law School in 1998 and 1999, where he co-taught a seminar on Federal Discovery Practice. He served as the Executive Notes & Topics Editor for the Brooklyn Law Review.

**GREGORY M. NESPOLE**:  *admitted*:  New York; U.S. District Courts for the Southern and Eastern Districts of New York; United States Court of Appeals for the Second, Fourth, and Fifth Circuits. *Education*:  Bates College (B.A., 1989); Brooklyn Law School (J.D., 1993). Member: The Association of the Bar of the City of New York; New York State Bar Association.  Mr. Nespole's experience includes complex civil and criminal litigation.  Mr. Nespole is responsible for the investigation, initiation and prosecution of securities class actions and derivative litigations on behalf of the firm throughout the country.  Mr. Nespole also devotes a considerable amount of time to litigating issues surrounding mergers and acquisitions.   Mr. Nespole also represents corporate defendants with respect to class certification issues and structuring class-wide settlements.  He has been approved as a panel attorney by a major insurance company to address certification issues.  Mr. Nespole is the co-chair of the firm's *Madoff Litigation Task Force.*  He has been elected a "Super Lawyer" each year since 2009.

**DEMET BASAR**: *admitted*: New York; New Jersey; U.S. District Court for the District of New Jersey, Southern District of New York; Eastern District of Wisconsin, U.S. Court of Appeals for the Second and Seventh Circuits.   *Education*: Fairleigh Dickinson University (B.A., *summa cum laude*, 1984), Phi Omega Epsilon; Rutgers University School

of Law (J.D., 1990). Recipient, West's Scholarship Award, Senior Notes and Comments Editor, *Rutgers Law Review*. Member: The Association of the Bar of the City of New York. Languages: Turkish.

Ms. Basar's practice is primarily concentrated in securities class actions and derivative litigation. She is the co-chair of the firm's *Madoff Litigation Task Force*. Her recent cases include *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-civ-11117 (TPG) (SDNY) ($100 million settlement for investors in the Tremont family of Madoff feeder funds), *In re Beacon Associates Litigation*, Master File No. 09 Civ. 0777 (LBS) (SDNY) ($219 million settlement for investors in the Beacon family of Madoff feeder funds, among others), and other Madoff feeder fund-related securities class actions, including *In re J. Ezra Merkin and BDO Seidman Securities Litigation*, No. 08-cv-10922 (SDNY) and *Newman v. Family Management Corp.*, No. 08-cv-11215 (SDNY). She has served as lead counsel, co-lead counsel or individual counsel in *In re American Pharmaceutical Partners, Inc. Shareholder Litigation*, Consolidated C.A. No. 1823-N (Del. Ch. Ct. ($14.3 million settlement), *In re Loral Space & Communications Shareholders Securities Litigation*, 03-cv-8262 (SDNY) ($3.45 million settlement), *Steed Finance LDC v. LASER Advisors*, No. 99-cv-4222 (SDNY), *In re AMBAC Financial Group, Inc.*, C.A. No. 3521 (Del. Ch. Ct.), and several multidistrict securities litigations, including *In re Mutual Fund Investment Litigation*, MDL No. 1586 (D. Md.) and *In re J.P. Morgan Chase Securities Litigation*, MDL No. 1783 (N.D. Ill.).

**ANITA B. KARTALOPOULOS**: *admitted*: New York. *Education*: University of Toledo, B.A.; Seton Hall University, J.D. Ms. Kartalopoulos, a former member of Milberg LLP, litigates claims in the areas of securities fraud, derivative litigation, and mergers and acquisitions. She focuses her practice on lead plaintiff litigation, as well as breach of fiduciary and transactional litigation. She works closely with the institutional investor clients, including trustees of public and private funds, throughout the U.S. providing counsel on asset recovery, fiduciary education, and risk management.

Ms. Kartalopoulos has extensive experience in litigating complex securities cases including *In re Sears, Roebuck & Co. Securities Litigation* ($215 million settlement), *In re Chiron Corp. Securities Litigation* ($30 million settlement), and others. Ms. Kartalopoulos has also achieved noteworthy results including improved corporate governance and disclosures as well as increased share value in recent litigations including in *In re Topps Co. Shareholder Litigation, In re Anheuser-Busch Cos. Shareholders Litigation, In re Net Logic, In re Smith International, In re L-3 Communication Holdings, Inc., In re Republic Services, Derivative Litigation*, and many others.

Prior to entering private practice, Ms. Kartalopoulos served in senior regulatory positions involving insurance and health in the State of New Jersey, including serving as Deputy Commissioner of Insurance, for Life and Health; Director of Legal and Regulatory Affairs (Department of Health); and Executive Director of the New Jersey State Real Estate Commission. She managed the New Jersey Insurance Department's Multi-State Task Force investigating the sales practices of the Prudential Insurance Company, which resulted in a $50 million fine against Prudential and a $4 billion recovery for policyholders. She also served on the Board of Directors of MBL Insurance Company as a rehabilitator and managed litigation on behalf of the company.

Ms. Kartalopoulos is a regular speaker at numerous conferences focused on fiduciary education, ethics, and U.S. securities litigation, including the Investment Education Symposium, the Institutional Investor European Pensions Symposium, the Canadian Hedge Funds Investment Roundtable, the New York Hedge Funds Roundtable, and the AEDBF (*Association Europeenne de Droit Bancaire et Financier*), FPPTA Trustee School, GAPPT, MATTER, LATEC. She also speaks regularly on the complex legal environment that institutional investors face when addressing losses due to securities fraud as well as their proactive and reactive alternatives.

Ms. Kartalopoulos has co-authored "Deterring Executive Compensation Excesses: Regulatory Weaknesses, Litigation Strengths" (03/05, NY, NY), and "Vintage Wine in New Bottles: The Curious Evolution of the Concept of Loss Causation" (11/05, NY, NY).

Ms. Kartalopoulos is admitted to the bar of the State of New Jersey, the U.S. Courts of Appeals for the Federal and Third Circuits.

**BENJAMIN Y. KAUFMAN**: *admitted*: New York. *Education*: Yeshiva University, B.A.; Benjamin N. Cardozo School of Law, Yeshiva University, J.D. Mr. Kaufman focuses on class actions on behalf of defrauded investors and consumers. Mr. Kaufman's successful securities litigations include *In re Deutsche Telekom AG Securities Litigation*, No. 00-9475 (S.D.N.Y.), a complex international securities litigation requiring evidentiary discovery in both the United States and Europe, which settled for $120 million. Mr. Kaufman was also part of the team that recovered $46 million for investors in *In re Asia Pulp & Paper Securities Litigation*, No. 01-7351 (S.D.N.Y.); and $43.1 million, with contributions of $20 million, $14.85 million and $8.25 million from Motorola, the individual defendants, and defendant underwriters respectively, in *Freeland v. Iridium World Communications, Ltd.*

Mr. Kaufman's outstanding representative results in derivative and transactional litigations include: *In re Trump Hotels Shareholder Derivative Litigation* (Trump personally contributed some of his holdings; the company increased the number of directors on its

board, and certain future transactions had to be reviewed by a special committee); *Southwest Airlines Derivative Litigation (Carbon County Employee Retirement System v. Kelly* (Dist. Ct. Dallas Cnty., Tex.)) (a derivative matter that resulted in significant reforms to the air carrier's corporate governance and safety and maintenance practices and procedures for the benefit of Southwest and its shareholders).

He argued the appeal in *In re Comverse Technology, Inc. Derivative Litig.*, 56 A.D.3d 49 (1st Dep't 2008) which led to the seminal New York Appellate Division opinion which clarified the standards of demand futility, and held that a board of directors loses the protection of the business judgment rule where there is evidence of self-dealing and poor judgment by the directors; and *In re Topps Company, Inc. Shareholders Litigation* which resulted in a 2007 decision which vindicated the rights of shareholders under the rules of comity and doctrine of forum non conveniens and to pursue claims in the most relevant forum notwithstanding the fact that jurisdiction might exist as well in the state of incorporation. Mr. Kaufman has also lectured and taught in the subjects of corporate governance as well as transactional and derivative litigation.

In addition, Mr. Kaufman represents many corporate clients in complex commercial matters, including *Puckett v. Sony Music Entertainment*, No. 108802/98 (Sup. Ct. N.Y. Cnty. 2002) (a complex copyright royalty class action); *Shropshire v. Sony Music Entertainment*, No. 06-3252 (S.D.N.Y.), and *The Youngbloods v. BMG Music*, No. 07-2394 (S.D.N.Y.); and *Mich II Holdings LLC v. Schron,* No. 600736/10 (Sup. Ct. N.Y. Cnty.) (represented certain defendants in connection with real estate dispute and successfully litigated motion to dismiss all claims against those defendants; he continues to represent those clients' interests in several related litigations in New York and Delaware). Mr. Kaufman has also represented clients in arbitrations and litigation involving oppressed minority shareholders in closely held corporations.

Prior to joining WHAFH and Milberg in August of 1998, Mr. Kaufman was a Court Attorney for the New York State Supreme Court, New York County (1988-1990) and Principal Law Clerk to Justice Herman Cahn of the Commercial Division of the New York State Supreme Court, New York County (1990-1998).

Mr. Kaufman is an active member of the Commercial and Federal Litigation Section of the New York State Bar Association, the International Association of Jewish Lawyers and Jurists and the Jewish Lawyers Guild. He has also lectured on corporate governance issues to institutional investor conferences across the United States and abroad. Mr. Kaufman is a member of the Board of Trustees of the Hebrew Academy of the Five Towns and Rockaways.

**JANINE L. POLLACK:** *admitted*: New York (1990); New Jersey (1989); U.S. District Courts for the Southern and Eastern Districts of New York and the District of New Jersey, among others. *Education*: Rutgers University (1986), with high honors, Phi Beta Kappa; University of Pennsylvania School of Law (1989), Editor - Journal of International Business Law. Ms. Pollack has successfully prosecuted many consumer and securities cases. She is one of the lead counsel in the recent $28.5 million settlement in *In re Reebok EasyTone Litigation* (D. Mass.), as well as the $45 million settlement in *In re Skechers Toning Shoes Product Liability Litigation* (*Grabowski*) (W.D. Ky.), false advertising class actions involving toning shoes. She is also lead counsel in numerous other class actions involving consumer fraud, including *Bezdek v. Vibram USA Inc.* (D. Mass.), against the maker of so-called barefoot running shoes. In addition, Ms. Pollack recently won a jury trial against R.J. Reynolds in a wrongful death tobacco case in Florida state court. She was also lead trial counsel in a federal court case against a major mutual fund advisor.

Ms. Pollack is co-chair of the Women's Initiative of the National Association of Shareholder & Consumer Attorneys (NASCAT), for which she organizes meetings and charity events. A frequent public speaker, Ms. Pollack has given lectures on such topics as consumer fraud, securities regulation, time and stress management, Cy Pres, and other related topics. Ms. Pollack was recently appointed to the New York City Bar Association's Women in the Profession Committee. Ms. Pollack's recent achievements include being named as a New York Super Lawyer in 2012.

**THOMAS H. BURT**: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Michigan. *Education*: American University (B.A., 1993); New York University (J.D., 1997). Articles Editor with New York University Review of Law and Social Change. Mr. Burt is a litigator with a practice concentrated in securities class actions and complex commercial litigation. After practicing criminal defense with noted defense lawyer Jack T. Litman for three years, he joined Wolf Haldenstein, where he has worked on such notable cases as *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y.)(a novel and sweeping amalgamation of over 300 class actions which resulted in a recovery of $586 million); *In re MicroStrategy Securities Litigation*, No. 00-473-A (E.D. Va.) (recovery of $192 million); *In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) (antitrust case resulting in $315 million recovery); *In re Computer Associates 2002 Class Action Securities Litigation*, No. 02-cv-1226 (TCP) (E.D.N.Y.)(settled, together with a related fraud case, for over $133 million); *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.) (recovery included personal assets from former Reagan Administration budget director David A. Stockman); and *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.)(recovery of $43.1 million). Mr. Burt has spoken

on several occasions to investor and activist groups regarding the intersection of litigation and corporate social responsibility.

**RACHELE R. RICKERT:** *admitted:* California; U.S. District Courts for the Southern, Northern, Central and Eastern Districts of California; U.S. Court of Appeals for the Ninth Circuit. *Education:* Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997). Member: State Bar of California. Former Deputy Alternate Public Defender for the County of San Diego. Ms. Rickert is located in the firm's San Diego office. She practices corporate derivative and class action litigation including securities, consumer, antitrust, employment and general corporate and business litigation. Ms. Rickert has played a significant role in litigating numerous class and derivative actions, including *In re Apple & AT&TM Antitrust Litigation*, Master File No. C 07-05152 JW (N.D. Cal.) (antitrust class action against Apple Inc. and AT&T Mobility LLC regarding aftermarkets for iPhone wireless service and applications); *Ardon v. City of Los Angeles* (2011) 52 Cal.4th 241 (challenging the City of Los Angeles' telephone users tax on behalf of the City's taxpayers); *McWilliams v. City of Long Beach*, 2013 Cal. LEXIS 3510, Cal. Supreme Ct. No. S202037 (April 25, 2013) (challenging the City of Long Beach's telephone users tax on behalf of the City's taxpayers); *DeFrees, et al. v. Kirkland, et al.*, No. CV 11-04272 GAF(SPx) (C.D. Cal.) (shareholder derivative action); *Bamboo Partners LLC, et al. v. Robert Mondavi Corp., et a*l. (shareholder class action that settled for $10.8 million in 2007); and *Lewis, et al. v. American Spectrum Realty, Inc., et al.*, (shareholder class action that settled for $6.5 million in 2004).

**STACEY KELLY BREEN:** *admitted*: New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: New York University (B.A., 1997); Rutgers School of Law - Newark (J.D., 2000). Ms. Breen is located in the firm's New York Office. Her practice is concentrated in class actions and complex commercial litigation. Ms. Breen represented long grain rice farmers seeking to recover damages they sustained resulting from the contamination of the U.S. rice supply with unapproved, genetically modified rice seed traits, in the case captioned *In re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.). That case settled on July 1, 2011 for $750 million. In addition, Ms. Breen played a significant role in litigating numerous securities class actions and derivative cases, including *American International Group, Inc. v. Greenberg*, which resulted in a $90 million recovery for AIG; *In re Sepracor Corp. Securities Litigation*, which resulted in a $52.5 million recovery in a securities fraud class action; and *In re American Pharmaceutical Partners, Inc. Shareholder Litigation*, which resulted in a $14.3 million recovery for shareholders; *In re Loral Space & Communications Shareholders Securities Litigation*, 03-cv-8262 (SDNY) ($3.45 million settlement ).

**JEREMY A. COHEN: *admitted*:** New York, U.S. District Courts for the Southern and Eastern Districts of New York; U.S. Courts of Appeals for the Second and Fifth Circuits. ***Education*:** University of Michigan (B.A., 1996); Columbia Law School (J.D., 2000). Mr. Cohen is an experienced litigator whose practice encompasses all aspects of business litigation on behalf of corporations, LLCs, partnerships, and individuals, with a particular focus on real estate, securities/broker-dealer, employment, and advertising matters. In 2014, he was recognized as one of 42 Rising Stars of the New York Bar by the New York Law Journal, he has twice been named a Rising Star by New York Super Lawyers, and was the 2013 recipient of the New York State Bar Association Committee on Law, Youth & Citizenship's Distinguished Service Award.

Mr. Cohen's experience includes first-chair roles in federal court, the Commercial Division of the New York Supreme Court and in FINRA arbitrations. In the courtroom, he has briefed and argued dozens of motions, including motions to dismiss, summary judgment, preliminary and permanent injunctions, temporary restraining orders, attachments, Daubert motions and discovery disputes. He has examined and cross-examined fact and expert witnesses in trials and arbitrations, and has taken and defended depositions throughout the country. He has also assisted clients with regulatory and internal investigations.

In real estate matters, Mr. Cohen has represented some of New York's leading property owners and developers in state and federal litigation involving condominiums, mixed residential and commercial developments, hotels, marinas, sports arenas, and real estate investment funds.

His other commercial experience includes complex business litigation, employment disputes, securities arbitrations, and the representation of pharmaceutical, consumer products and apparel corporations in false advertising actions. Mr. Cohen also has represented high-profile individuals and entities in the sports and entertainment field, including musicians, athletes and teams in a wide range of litigation and arbitration.

Mr. Cohen has served on the Judicial Screening Panel for the First District, which considers applicants for judgeships on the New York County Civil Court.

Mr. Cohen graduated from the University of Michigan (B.A. with distinction, 1996) and Columbia Law School (J.D. cum laude, 2000), where he was a Harlan Fiske Stone Scholar and was Executive Editor of The Columbia Journal of Law and Social Problems. He is admitted to practice in New York and before the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second and Fifth Circuits. Prior to joining the firm, Mr. Cohen was an associate with Kramer Levin Naftalis & Frankel LLP, and served as a law clerk to the

Honorable Richard Owen of the United States District Court for the Southern District of New York. He is a member of the New York State Bar Association and the Association of the Bar of the City of New York.

Since 2001, Mr. Cohen has been a member of the Advisory Board of Legal Outreach, Inc., a non-profit organization that prepares high school students from underserved communities in New York City to compete at high academic levels by using intense legal and educational programs as tools for facilitating the pursuit of higher education.

**MATTHEW M. GUINEY**: *admitted:* New York; U.S. District Courts for the Southern and Eastern District of New York. *Education*: The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002). Mr. Guiney's primary areas of practice are securities class actions under the Securities Act of 1933 and the Exchange Act of 1934, complex commercial litigation, *Employee Retirement Income Security Act* (*ERISA*) actions on behalf of plan participants, *Fair Labor Standards Act* of 1938 actions concerning overtime payment, and fiduciary duty actions under various state laws. Mr. Guiney has helped recover hundreds of millions of dollars for victims of corporate fraud and abuse in federal and state litigation across the country. Some of Mr. Guiney's notable results on behalf of investors include: *Mallozzi v. Industrial Enterprises of America, Inc. et al.*, 1:07-cv-10321-DLC (S.D.N.Y.) ($3.4 million settlement on behalf of shareholders); *In re Luxottica Group S.p.A. Securities Litigation*, No. CV 01-3285 (JBW) (MDG) (E.D.N.Y.) ($18.5 million settlement on behalf of shareholders); *In re MBNA Corp. ERISA Litigation*, Master Docket No. 05-429 (GMS), (D. Del) ($4.5 million settlement on behalf of plan participants). Recent publications include: *Citigroup and Judicial Immunity in ERISA: An Emerging Trend?*, Compensation and Benefits Review, Vol. 42, No. 3, 172-78 (May/June 2010) (with Mark C. Rifkin); *Case of the Moenchies: Moench Provision Expansion*, Employment Law360/Securities Law360 Newswires, Guest Column (June 2, 2010) (with Mark C. Rifkin).

## SPECIAL COUNSEL

**JUSTICE HERMAN CAHN**: *admitted:* New York. *Education*: Harvard Law School and a B.A. from City College of the City University of New York. Justice Herman Cahn was first elected as Judge of the Civil Court of the City of New York in 1976. He subsequently served as an Acting Justice of the Supreme Court from 1980 until 1992, when he was elected to the Supreme Court. Throughout his decades on the bench, he principally handled civil cases, with the exception of 1981 until 1987, when he presided over criminal matters. Justice Cahn was instrumental in the creation of, and a founding Justice in, the Commercial Division within the New York State Supreme Court. He served as a Justice of the Commercial Division from its inception in 1993.

Among his most notable recent cases are the consolidated cases stemming from the Bear Stearns merger with JP Morgan (*In re Bear Stearns Litigation*); litigation regarding the America's Cup Yacht Race (*Golden Gate Yacht Club v. Société Nautique de Genève*); litigation stemming from the attempt to enjoin the construction of the new Yankee Stadium (*Save Our Parks v. City of New York*); and the consolidated state cases regarding the rebuilding of the World Trade Center site (*World Trade Center Properties v. Alliance Insurance; Port Authority v. Alliance Insurance*).

Justice Cahn is a member of the Council on Judicial Administration of the Association of the Bar of the City of New York. He has also recently been appointed to the Character and Fitness Committee of the Appellate Division, First Department. He is on the Register of Mediators for the United States Bankruptcy Court, Southern and Eastern Districts of New York.

Before ascending the bench, Justice Cahn practiced law in Manhattan. He was first admitted to the New York bar in 1956. He is admitted to practice in numerous courts, including the New York State courts, the Southern District of New York and the United States Supreme Court.

## Of Counsel

**ROBERT ABRAMS**: *admitted*: New York; U.S. Court of Appeals for the Third Circuit; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Missouri, District of Maryland, and District of Delaware. *Education:* Haverford College (B.A., 1961); Columbia University (Ph.D., 1966), Brooklyn Law School (J.D., 1992). Woodrow Wilson Fellow; International Business Law Fellow. Adjunct Professor, Mediation Clinic, Brooklyn Law School, 1983-1984. Mr. Abrams was formerly a Professor of Political Science at Brooklyn College and the Graduate Center of the City University of New York. Member: New York State Bar Association. Mr. Abrams is the author of books on the theory of collective choice (Columbia University Press) and voting theory (Sage), as well as articles on Soviet politics, game theory and bargaining and negotiations. He has focused his practice on wage and hour litigation representing financial advisors in claims under the federal Fair Labor Standards Act and various state wage and hour laws. In addition, Mr. Abrams has participated in shareholder derivative litigation, partnership litigation and consumer class actions. Recently, Mr. Abrams participated with the Cardozo Law School Bet Tzedek Legal Services in a successful pro bono litigation in New York state court in defense of an elderly disabled person threatened with eviction.

He was co-lead counsel in *In re Tyson Foods, Inc.,* before the Delaware Chancery Court, which settled claims of breach of fiduciary duty in connection with related party transactions and spring loading of options for Tyson management.

He played a major role in litigation on behalf of securities brokers that successfully settled claims for overtime pay and improper deductions from compensation against six major brokerage houses under the federal Fair Labor Standards Act and various state wage and hour laws including New York and California. These cases included *Lavoice v. Citigroup Global Markets, Inc.*; *Basile v. A.G. Edwards, Inc.*; *Rosenthal v. A.G. Edwards & Sons, Inc.*; *Palumbo v. Merrill Lynch*; *Garrison v. Merrill Lynch*; *Roles v. Morgan Stanley*; *Lenihan v. Morgan Stanley*; *Klein v. Ryan Beck*; and *Badain v. Wachovia*. Currently, he is representing financial advisors in litigation against Morgan Stanley (MDL New Jersey), Merrill Lynch (C.D. Cal.) and UBS (S.D.N.Y.). The UBS litigation is currently *sub judice* before the Second Circuit which is considering the important issue of forced arbitration and waiver of class and collective actions in employment contracts of adhesion.

Mr. Abrams was the firm's primary representative to the executive committee representing NationsBank shareholders in *In re BankAmerica Corp. Sec. Litig.*, which resulted in an award of $490 million to NationsBank and BankAmerica shareholders. He was also co-lead counsel in a New York state consumer protection class action against AT&T Wireless Corp., *Naevus v. AT&T Corp.*, which resulted in an award valued at $40 million for the class members. Mr. Abrams was named a Super Lawyer from 2010 through 2015.

**ROBERT B. WEINTRAUB**: *admitted*: New York; Supreme Court of the United States; U.S. Court of Appeals for the Federal, Second and Fifth Circuits; District of Columbia; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Syracuse University (B.A., *cum laude*, 1972); Georgetown University Law Center (J.D., 1977). Member: 1975-1977, Articles Editor and Member: Executive Board, 1976-1977, Law and Policy in International Business, *Georgetown International Law Journal*. Assistant Editor, Competition Working Group, "The OECD Guidelines for Multinational Enterprises: A Business Appraisal," 1977. Author, "Entering the Uncharted Waters of Oz: FAS 157 Pulls Back the Curtain on the Valuation of Asset-Backed Securities," Bloomberg Law Reports, Securities Law, vol. 2, no. 14, April 7, 2008; "Law Backs Women Warriors," *National Law Journal*, June 7, 1993. Co-contributor: Chapter 7, "The Celler-Kefauver Act of 1950," 4 *Legislative History of the Federal Antitrust Laws and Related Statutes*, edited by E. Kintner, Chelsea House Publishers, 1980. Speeches, "Litigation versus Arbitration and Alternative Dispute Resolution: Are Arbitration and ADR all They are Cracked-up to Be?" (Speech before the Rotary Club of New York). Mediator, U.S. District Court, Southern District of New York. Member: The Association of the Bar

of the City of New York (Member: Committee on Securities Regulation; Council on International Affairs; Chair, 1991-1994 and Member: 1987-1990, Committee on Military Affairs and Justice; International Arms Control and Security Affairs, 1990-1991); Committee on Federal Courts 2012 – present; Banking Law Committee 2003-2006; Sports Law Committee 2009-2012; and American Bar Association.

Mr. Weintraub has counseled corporations on contract negotiation and antitrust matters, and provided antitrust advice on mergers to the arbitrage department of a major brokerage house. He has served as an arbitrator for the NYSE, the NASD and the Municipal Securities Rulemaking Board and as a mediator for the federal District Court in New York. Mr. Weintraub also previously served as Senior Vice President and General Counsel of a broker-dealer investment bank which is a member of the NYSE, the NASD and other principal exchanges. Mr. Weintraub has particular experience in litigation involving investment firms and broker-dealers.

**ROBERT ALTCHILER:** *admitted***:** New York; Connecticut. *Education:* State University of New York at Albany (B.S., 1985); George Washington University Law School (J.D., 1988). Mr. Altchiler heads the firm's White Collar and Investigations practice group. Robert's practice focuses primarily in the areas of White Collar criminal investigations, corporate investigations, litigation, tax and general corporate counseling. Robert has successfully defended individuals and corporations in a wide array of multifaceted investigations in areas such as mortgage fraud, securities fraud, tax fraud, prevailing wage, money laundering, Bank Secrecy Act, embezzlement, bank and wire fraud, theft of trade secrets, criminal copyright infringement, criminal anti-counterfeiting, Foreign Corrupt Practices Act (FCPA), International Traffic In Arms Regulations (ITAR), racketeering, continuing criminal enterprises, and circumvention of trade restrictions, among many others. Robert also specializes in non-criminal investigations related to various topics, including finding money allegedly being hidden by individuals, ascertaining the identities of individuals actually involved in corporate matters (when a client believes those identities are being concealed), and running undercover "sting" operations as part of civil and commercial litigation support.

Robert conducts corporate investigations and, when appropriate, when the client instructs, refers the results to law enforcement for prosecution. In one recent example, a corporate CEO came to learn assets and materials were being diverted by employees, and that the corporation was "bleeding" money as a result. The CEO needed assistance in ascertaining the identities and extent of involvement of the wrongdoers, as well as the level of theft involved. Robert directed a corporate investigation that revealed the nature of the problem. He then referred the investigation to federal authorities, which arrested the wrongdoers and prosecuted them. The wrongdoers were convicted. In

addition, the amount of the theft was included in a court ordered restitution judgment and the corporation will be repaid in full.

In 1988, Robert started his legal career as a prosecutor in New York City. As a prosecutor, in addition to trying several dozen serious cases, ranging from murder to fraud to narcotics violations, he also ran wiretap and grand jury investigations involving money laundering and other financial crimes, as well as a wiretap and investigation concerning a plot to assassinate a prominent NYC judge.

In addition to his practice, Robert has been an adjunct law professor at Pace University Law School since 1998, where he teaches trial advocacy. Robert has also been a featured participant and lecturer at Cardozo Law School's acclaimed Intensive Trial Advocacy Program in New York City, and has also taught at Yale Law School. Robert's trial advocacy teaching requires him to constantly integrate new developments in communication theory and trial techniques into his pedagogical methods. Given the changing way students (and prospective jurors) communicate and digest information (via Twitter, Instagram and Snapchat, for example) Robert is able to adapt his teaching to the needs of his students. By actively participating in the mock trials and by frequently demonstrating methods, he is able to continually adapt his own communication skills and integrate cutting-edge developments into his own practice.

Robert graduated from the George Washington University Law School, and graduated with honors from the Business School at the State University of New York at Albany in 1985. He is also a 1996 graduate of the National Criminal Defense College and a 1997 graduate of the National Institute for Trial Advocacy's Harvard Teacher Training Program. In 2014, Robert was asked to teach at the prestigious EATES Program at Stetson University Law School, a program designed to teach trial advocacy professors how to better teach their students. Robert has also made dozens of television appearances on Fox, Court TV, and Tru TV, providing legal commentary on televised trials, and participating in discussions related to pertinent issues.

**THEODORE B. BELL**:  *admitted*:  Illinois; Michigan; U.S. Court of Appeals for the Seventh Circuit; U.S. District Courts for the Northern, Central and Southern Districts of Illinois and the Eastern District of Michigan.  *Education*:  University of Michigan (B.A., Sociology, 1988), University of Detroit, Mercy School of Law (J.D., 1992).  Mr. Bell is Of Counsel to the firm and is the managing member of the firm's Chicago office.  He worked with the firm as a contract attorney for several years before eventually joining the firm as an associate in 2006.

Mr. Bell has nearly 20 years of civil litigation experience.  His practice is focused on class actions with an emphasis on antitrust actions.  Some of the notable cases that Mr.

Bell has played or is currently playing a significant role in litigating include *The Shane Group, et al. v. Blue Cross Blue Shield of Michigan*, No. 10-cv-14360-DPH-MKM (E.D. Mi.) (price fixing through the use of most favored nation agreements); *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, No. 09-3960, M.D.L. No. 2031, (N.D. Ill.) (manipulation of cheese and milk futures to raise prices of dairy products); *In re Evanston Northwestern Healthcare Corp. (ENH) Antitrust Litigation*, No. 07-4446-JHL (N.D. Ill.) (illegal monopolization and attempted monopolization of relevant market); *In re McDonough, et al. v. Toys "R" Us, Inc., et al.*, No. 06 CV 00242-AB (E.D. Pa.) (retail price maintenance antitrust litigation); and *In re Sulfuric Acid Antitrust Litigation*, No. 03-4576, M.D.L. No. 1536 (N.D. Ill.) (price fixing and output restriction antitrust litigation).

**GEORGE BISCHOF:** *admitted*: New York; Connecticut. *Education:* Amherst College (1989); Yale Law School (1993). As a wills, trusts, and estates attorney, George Bischof helps families with some of the most important aspects of financial and family responsibility. His approach to estate planning combines direct personal attention with legal expertise: clients protect their loved ones while preserving their wealth, and, in so doing, they express their deepest commitments, goals, and values.

Because every family is unique, an engagement begins with a meeting to discuss client objectives and questions, and then George drafts clear, binding documents. When young children are involved, clients are assured that the right people will become guardians/trustees and that those fiduciaries will have appropriate guidance. Clients who need more specialized provisions, such as those with non-U.S. spouses, with children from different marriages, or with special-needs children (or parents), or who are same-sex partners, also benefit from custom document drafting.

With proper planning, many of George's clients prudently address their estate tax exposure, leaving more for their family, friends, and charities. His commitment is not to make his clients experts in estate taxation, but rather to explain choices so that tax planning opportunities can be coordinated with investment, philanthropic, and family objectives. Personal service is a hallmark not only during the client engagement, but afterward: George believes that in the estate planning field, the attorney-client relationship should be an ongoing source of advice and guidance as families and balance sheets grow over time (and as tax laws change…). George also appears in New York's probate courts to counsel families on estate administration, advising executors, administrators, beneficiaries, creditors, and other interested parties. He also handles trust matters, including accountings and trustee replacements.

**KATE MCGUIRE:** *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Santa Cruz (B.A.

1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal*.

## Associates

**MALCOLM T. BROWN**: *admitted*: New York, New Jersey, Pennsylvania, United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey and Eastern District of Pennsylvania. *Education:* University of Pennsylvania (B.A., Political Science 1988) and Rutgers University School of Law (J.D. 1994).

**KEVIN COOPER**: admitted: New Jersey (2015). Education: Fordham University (B.A., Legal and Policy Studies, 2011); Brooklyn Law School (J.D., 2014), where he served as an Associate Managing Editor on the Brooklyn Journal of Corporate, Financial & Commercial Law and as a Barry L. Zaretsky Fellow in Commercial and Bankruptcy Law. Mr. Cooper's primary areas of focus are securities, derivative and M&A litigation.

**PATRICK DONOVAN**: *admitted:* New York (2012). Education: Iona College (B.A., Business Management, 2007); St. John's University School of Law (J.D., 2011). Mr. Donovan's primary areas of focus are securities, derivative and M&A litigation.

**CORREY A. KAMIN**: *admitted*: New York (2012); New Jersey (2011). *Education:* Georgetown University (B.S.B.A., Finance & Management, 2008) and Ohio State University Moritz College of Law (J.D., 2011).

**MARISA LIVESAY**: *admitted*: California; United States District Courts for the Southern, Central and Northern District of California; Ninth Circuit. *Education*: University of Arizona (B.A., History & Spanish, 1999); University California Los Angeles Law School (J.D. 2002).

**MICHAEL LISKOW**: *admitted:* California, New York, U.S. District Courts for the Northern, Central and Southern Districts of California and the Southern and Eastern Districts of New York. *Education:* University of Kansas (B.A., Psychology, 2001); University of Pennsylvania Law School (J.D. 2005), where he was the Symposium Editor of the *Journal of Constitutional Law*. Before joining Wolf Haldenstein, Mr. Liskow was a clerk for the Honorable Steven H. Levinson of the Supreme Court of Hawaii, and a Fulbright Teaching Assistant to the Slovak Republic.

**CARL MALMSTROM:** *admitted:* Illinois; Minnesota; Northern District of Illinois. *Education:* University of Chicago (B.A., Biology, 1999; M.A., Social Science, 2001); University of Hawaii at Manoa (M.A. Anthropology, 2004); Loyola University Chicago (J.D., 2007).

**GLORIA KUI MELWANI**: *admitted*: New York (2006), New Jersey (2005), United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey. *Education*: New York University (B.M., Piano Performance, 2000); Benjamin N. Cardozo School of Law (J.D., 2005), where she served as a Notes Editor on the Cardozo Public Law, Policy and Ethics Journal. Ms. Melwani's primary areas of focus are securities, stockholder derivative litigation, M&A litigation, and consumer litigation.

**DANIEL TEPPER:** *admitted*: New York. *Education*: University of Texas at Austin (National Merit Scholar); New York University School of Law. Mr. Tepper is an associate of the firm concentrating on commercial litigation, FINRA arbitration and securities class actions. His reported cases include: *Zelouf Int'l Corp. v. Zelouf*, 45 Misc.3d 1205(A) (Sup. Ct. N.Y. Co., 2014), rejecting application of a discount for lack of marketability in an appraisal proceeding triggered by the freeze-out merger of a closely held corporation; *Sacher v. Beacon Assocs. Mgmt. Corp.*, 114 A.D.3d 655 (2d Dep't 2014), affirming denial of defendants' motion to dismiss shareholder derivative suit by Madoff feeder fund against the fund's auditor for accounting malpractice; *In re Belzberg v. Verus Investments Holdings*, 95 A.D.3d 713 (1st Dep't 2012), compelling a non-signatory to arbitrate a dispute arising out of a brokerage agreement under the doctrine of direct benefits estoppel; *CMIA Partners Equity Ltd. v. O'Neill*, 2010 NY Slip Op 52068(U) (Sup. Ct. N.Y. Co., 2010), which was the first time that a New York state court examined shareholder derivative suits under Cayman Islands law; and *Hecht v. Andover Assocs. Mgmt. Corp.*, 27 Misc 3d 1202(A) (Sup. Ct. Nassau Co., 2010), aff'd, 114 A.D.3d 638 (2d Dep't 2014), which was the first Madoff-related feeder fund case in the country to survive a motion to dismiss.

# Non-Discrimination Policies

Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination. The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960s by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

270 MADISON AVENUE
NEW YORK, NY 10016
Telephone: 212-545-4600
Telecopier: 212-545-4653
www.whafh.com

SYMPHONY TOWERS
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101
Telephone: 619-239-4599
Telecopier: 619-234-4599

ONE DEARBORN STREET
SUITE 2122
CHICAGO, IL 60603
Telephone: 312-984-0000
Telecopier: 312-212-4401

# EXHIBIT C

EXHIBIT C
Page 57

070815DRAMPJHF.txt

Pages 1 - 56

United States District Court

Northern District of California

Before The Honorable Phyllis J. Hamilton

In re: Dynamic Random          )
Access Memory Antitrust        )
Litigation                     )
                               )
                               )
_____)          No. MDL 02-1486 PJH

                                   San Francisco, California
                                   Wednesday, August 15, 2007

Reporter's Transcript Of Proceedings

Appearances:

For Plaintiff:              Saveri & Saveri, Inc.
                            111 Pine Street, Suite 1700
                            San Francisco, California  94111
                       By:  Guido Saveri, Esquire
                            Richard Alexander Saveri, Esquire

                            Hagens Berman Sobol Shapiro
                            1301 Fifth Avenue, Suite 2900
                            Seattle, Washington  98101
                       By:  Anthony D. Shapiro, Esquire

                            Cooper & Kirkham, P.C.
                            655 Montgomery Street, 17th Floor
                            San Francisco, California  94111
                       By:  Joseph D. Cooper, Esquire

(Appearances continued on next page.)

Reported By:                Sahar McVickar, RPR, CSR No. 12963
                            Official Reporter, U.S. District Court
                            For the Northern District of California

            (Computerized Transcription By Eclipse)

Appearances, continued:

For Plaintiff:              Steyer Lowenthal Boodrookas
                            Alvarez & Smith LLP
                            One California Street, Third Floor
                            San Francisco, California
                                   Page 1

EXHIBIT C
Page 58

070815DRAMPJHF.txt
By: Allan Steyer, Esquire

Damrell Nelson Schrimp
Pallios Pacher & Silva
1601 I Street, Fifth Floor
Modesto, California  95354
By: Roger M. Schrimp, Esquire

Wolf Haldenstein Adler Freeman Herz
55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
By: Mary Jane Edelstein Fait, Esquire
Daniel W. Krasner, Esquire

Zelle Hofmann Voelbel Mason & Gette
44 Montgomery Street, Suite 3400
San Francisco, California  94104

By: Craig C. Corbitt, Esquire
The Mogin Law Firm, P.C.
110 Juniper Street
San Diego, California  92101
By: Daniel J. Mogin, Esquire

Cohen Milstein Hausfeld & Toll
One Embarcadero Center, Suite 500
San Francisco, California  94111
By: Michael P. Lehmann, Esquire

Furth Lehmann LLP
225 Bush Street, 15th Floor
San Francisco, California  94104
By: Henry A. Cirillo, Esquire

Gustafson Luek PLLC
650 Nortstar East
608 Second Avenue South
Minneapolis Minnesota  55402
By: Daniel E. Gustafson, Esquire


(Appearances continued on next page.)

ɔ


Appearances, continued:

For Plaintiff:          Office of the Attorney General
                        455 Golden Gate Avenue, Suite 11000
                        San Francisco, California  94102
                   By: Kathleen E. Foote, Esquire

For Defendant:          O'Melveny & Myers LLP
                        400 South Hope Street
                        Los Angeles, California  90071
                   By: Kenneth R. O'Rourke, Esquire
                        Tim M. Martin, Esquire

                        The Orrick Building
                        1000 Marsh Road
                        Menlo Park, California  94025
                        Page 2

EXHIBIT C
Page 59

070815DRAMPJHF.txt

By:   Na'il Benjamin, Esquire

Thelen Reid Brown Raysman & Steiner
101 Second Street, Suite 1800
San Francisco, California 94105
By:   Jonathan E. Swartz, Esquire
Paul R. Griffin, Esquire

Heller Ehrman
333 Bush Street
San Francisco, California
By:   David C. Brownstein, Esquire

Sheppard Mullin
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
By:   Michael W. Scarborough, Esquire

Gibson, Dunn & Crutcher LLP
One Montgomery Street
San Francisco, California 94104
By:   Joel S. Sanders, Esquire

Kaye Scholer LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
By:   Julian Brew, Esquire

---oOo---

                                                                   4

1   Wednesday, August 15, 2007              9:00 a.m.

2              P R O C E E D I N G S

3         THE CLERK:  Calling MDL case number 02-1486, Dynamic

4   Random Access Memory.

5         Appearances.

6         MR. SAVERI:  Good morning, Your Honor.

7         Guido Saveri for the direct plaintiffs.

8         THE COURT:  Good morning.

9         MR. SAVERI:  What we have this morning is

10  plaintiff's motion for attorney fees, and that motion is going

11  to be presented by Mr. Shapiro, co-lead counsel.

12         I would like to report to the Court one thing.

13  Since we were out here last time, you will recall that you

EXHIBIT C
Page 60

8          MR. SHAPIRO:  Correct.

9          THE COURT:  Okay.

10         All right, then the -- then is there anything you

11  wish to add before I make my final determination with regard to

12  the fee request?

13         MR. SHAPIRO:  Not unless Your Honor has further

14  questions.

15         THE COURT:  No, you've answered my questions.

16         All right, I think I can conclude on the basis with

17  my five years with you all, watching this litigation progress

18  and seeing it wind to a conclusion, that the results are

19  exceptional.  The percentages, as you've outlined them, do put

20  this in one of the upper categories of results in this kind of

21  a class action.

22         I'm aware of the complexity, both in terms of the

23  substantive law that was at issue -- we had a lot of motions in

24  this case, and I must say no unnecessary motions.  I thought

25  that you all did an exceptionally good job of bringing to me

                                                              10

1   only those matters that really required the Court's attention.

2          You did an exceptionally good job at organizing and

3   managing the case in assisting me in management of the case.

4   There was excellent coordination between all of the various

5   different plaintiffs' counsel, with your group and the other

6   groups that are part of this litigation.  You have coordinated

7   very well with defense counsel.  Everyone has been extremely

8   cooperative, given just the massive nature of this case.  So my

9   conclusion is the case was well litigated by both sides, well

10  managed as well by both sides.

11         The defense I also will take the opportunity to

12  compliment as well in their coordination.  You all didn't have

                            Page 8

EXHIBIT C
Page 61

21          All right, are there any other questions?  Anything

22  I've overlooked?

23          MR. SHAPIRO:  No, Your Honor.

24          THE COURT:  Okay, then I just have a concluding

25  remark.

                                              19

1          Little did I know five years ago when I consented to

2  having this multi-district litigation assigned to me what an

3  incredible drain on my time and resources that this case would

4  entail.  And we have now just concluded the first portion of

5  the case.  There is now still plenty of it left, and I'm sure

6  it will be on my docket until I retire.

7          (Laughter.)

8          THE COURT:  Nonetheless, it's been very satisfying

9  to watch the litigation, to be involved in it.  You all -- and

10  I'm speaking to defense counsel as well, you all have done an

11  exceptionally good job in coordinating management and

12  litigating the case.  As I've said, I think that you have been

13  very respectful of my time.  You have been very careful to not

14  bring me a lot of unnecessary matters to deal with.

15          I know that that wouldn't occur, because I've got

16  cases that are a fraction of the size of this case that I spend

17  a lot more time on just because counsel aren't acting as

18  cooperatively and as professionally as you all have.

19          So I just wanted to take the opportunity to tell you

20  that even though in a typical class approval, final approval

21  motion I hear this, I read week after week this language about

22  how well, how hard fought the litigation was, and able your

23  adversary was and the kind of exceptional results that you

24  achieved, but this time I have to say that I think the language

25  that appears in your motion is deserved.  It's not just mere

                                        20

EXHIBIT C
Page 62

1   puffery.  I think both have done an incredible job.  And I just
2   wanted to thank you all for your courtesy to the Court and to
3   each other, which has been obvious.
4            MR. SHAPIRO:  We would like to thank you, Your
5   Honor.
6            THE COURT:  All right, then, that concludes this
7   portion of the case.  Thank you.
8            THE CLERK:  Calling civil case number 02-1486,
9   Dynamic Random Access Memory Antitrust Litigation, indirect
10  purchaser's portion.
11           Appearances.
12           MR. O'ROURKE:  Good morning, Your Honor.
13           I'm Ken O'Rourke with the Hynix Semiconductor
14  defendants.
15           With me this morning, my colleague, Timothy Martin.
16           THE COURT:  Good morning.
17           MR. COOPER:  Good morning, Your Honor.
18           Joseph Cooper, one of plaintiff's co-lead counsel.
19           Mr. Corbitt will be presenting the indirect
20  purchaser plaintiffs' position.
21           THE COURT:  What was the name?
22           MR. COOPER:  Craig Corbitt from Zelle Hofmann.
23           THE COURT:  All right, good morning.
24           All right, this is DRAM, part 2, all right, the
25  indirect purchasers.  I have on calendar this morning the

                                                            21

1   plaintiff's motion to file the second amended complaint.  I
2   understand that you all have filed an amended complaint
3   following my grant of the defendant's motion for judgment on
4   the pleadings, but I indicated that the defendant should wait
                        Page 17

EXHIBIT C
Page 63

<u>**CERTIFICATE OF REPORTER**</u>

I, Sahar McVickar, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.  The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

_____

**Sahar McVickar, RPR, CSR No. 12963**

**August 17, 2007**

EXHIBIT C
Page 64